(70 South. 337)

No. 21309.

HURRY v. HURRY.

(Nov. 29, 1915.)

*(Syllabus by the Court.)*

DIVORCE ☞227—SEPARATION FROM BED AND BOARD—TEMPORARY ALIMONY—LIMITATION ON AMOUNT.

The limitation in article 160 of the Civil Code, that the alimony which the court may, in its discretion, allow a divorced wife, payable out of the property of the husband, shall not exceed one-third of his income, does not apply to the sum which, under article 148 of the Code, the judge shall allow for the support of a wife who has not sufficient income for her maintenance during the suit for separation or divorce.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 653, 654; Dec. Dig. ☞227.]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Andrew J. Hurry against Clara Lewis Hurry. From a judgment allowing alimony during pendency of suit, plaintiff appeals. Affirmed.

Paul L. Fourchy, of New Orleans, for appellant. William H. Byrnes, Jr., of New Orleans, for appellee.

O'NIELL, J. The plaintiff in this divorce suit, defendant in rule, has appealed from a judgment allowing his wife alimony at the rate of $20 a month during the pendency of the suit. The action of the husband is for a divorce, and the wife is demanding, in reconvention, an absolute divorce or, in the alternative, a separation from bed and board.

The appellant complains of the ruling of the trial judge, sustaining an objection to his testifying on the trial of the rule for alimony. He does not suggest any reason why we should except him from the provision of the Civil Code, that the husband and wife shall not be permitted to testify for or against each other; and we see no error in the ruling.

The evidence shows that the appellee has no means of support except what little she earns by hard work. She has two minor children, issue of her marriage to the appellant. He is employed by a steamship company at a salary of $125 a month, and is allowed his board and lodging. He was condemned in a criminal prosecution in the juvenile court to pay alimony at the rate of $20 a month to each of his two minor children.

The appellant contends that the alimony allowed his wife and minor children should not exceed one-third of his income. He refers to article 160 of the Civil Code, viz.:

"If the wife who has obtained the divorce has not sufficient means for her maintenance, the court may allow her in its discretion, out of the property of her husband, alimony which shall not exceed one-third of his income.

"This alimony shall be revocable in case it should become unnecessary; and in case the wife should contract a second marriage."

The parties in this case, however, are not yet divorced; and the judgment for alimony was rendered under authority, not of article 160 in the chapter of the Code on the effects of separation from bed and board and of divorce, but of article 148 in the chapter on the provisional proceedings to which a suit for separation or divorce may give occasion, viz.:

"If the wife has not a sufficient income for her maintenance during the suit for separation, the judge shall allow her a sum for her support, proportioned to the means of her husband."

The distinction between these two provisions of the Code on the subject of alimony was recognized in the case of Jackson v. Burns, 116 La. 695, 41 South. 40. The limitation in article 160, that the alimony which the court may, in its discretion, allow a divorced wife, payable out of the property of her husband, has no application to the sum

which the judge shall allow for the support of a wife who has not sufficient income for her maintenance during the suit for separation or divorce.

The judgment in this case expressly provides that it is to remain in effect only temporarily, until the further orders of the court that rendered it. And, as the appellant is only required to pay to his wife and minor children less than half of his income, over and above his own board and lodging, we do not consider the alimony excessive.

For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.