(92 South. 567)

No. 25041.

ABRAMS v. ROSENTHAL.

(June 5, 1922. Rehearing Denied by Division B June 22, 1922.)

*(Syllabus by Editorial Staff.)*

1. Divorce ⬤182 — Supreme Court cannot render judgment on affidavits first offered on appeal.

The Supreme Court has no original jurisdiction in a proceeding for alimony pending a suit for separation, and cannot render judgment on affidavits tendered for the first time on appeal.

2. Divorce ⬤287—Case remanded for further hearing, when conflicting affidavits presented as to wife's income.

As a proceeding for alimony pending a suit for separation is addressed entirely to the court's equity powers, and the amount of alimony is subject to change in accordance with varying conditions, under Civ. Code, art. 232, the case will be remanded for further hearing, instead of relegating the husband to another action, where conflicting affidavits are presented as to the wife's income.

3. Frauds, statute of ⬤56(2)—Parol evidence of reality of sale admissible, to show wife's ownership of property in proceeding for alimony.

In a proceeding for alimony pending a suit for separation, examination of the wife as to the reality of a sale of property by her to her sister, for the purpose of ascertaining whether she really owned the income therefrom, was improperly excluded.

4. Divorce ⬤213—Wife cannot give away her income and demand alimony pending suit.

A wife may not give away rent really belonging to her, and at the same time compel the husband to make restitution by way of alimony pending a suit for separation.

5. Divorce ⬤209—Statute controlling alimony pending suit for separation specified.

The allowance of alimony pending a suit for separation is not controlled by Civ. Code, art. 160, providing that alimony in suits for divorce shall not exceed one-third of the husband's income, but by article 148, providing that, if the wife has not sufficient income for her maintenance, the judge shall allow her a sum for support proportioned to the husband's means.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Suit by Mrs. Selma Abrams, wife of Dr. Maurice S. Rosenthal, against Dr. Maurice S. Rosenthal. From a judgment for temporary alimony, defendant appeals. Judgment avoided and reversed, and case remanded.

M. M. Boatner and Samuel Wolf, both of New Orleans, for appellant.

Henry W. Robinson, of New Orleans, for appellee.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

LECHE, J. Defendant appeals from a judgment condemning him, pending a suit instituted against him by his wife for separation from bed and board, to pay his wife alimony in the sum of $100 per month. He complains that the amount is excessive, that the trial judge overestimated his net income

by refusing to deduct therefrom depreciation in the value of the automobiles which he uses in the practice of his profession as a physician, and that the trial judge also refused to permit him to show that his wife owns an income from her separate property.

This case was tried about November 2, 1921, and the appeal was filed on December 16, 1921. Pending a hearing on the appeal, defendant filed in this court on April 24, 1922, an affidavit stating that plaintiff was employed on January 22, 1922, by the school board of the City of New Orleans at a salary of $225 per month, and on May 17, 1922, another affidavit on the part of plaintiff was also presented to this court, admitting the employment alleged in defendant's affidavit, showing, however, that said employment was limited, and also showing that plaintiff had previously been employed during the fall of 1921 at a salary of $75 per month.

[1, 2] This court not being one of original jurisdiction in matters of this kind, cannot proceed to render a judgment based on evidence thus tendered for the first time. Ordinarily such affidavits would be ignored, but this proceeding being addressed entirely to the equity powers of the court, and the amount of alimony to be fixed being subject to change at any time in accordance with the varying conditions of the husband's income and of the wife's requirements (C. C. art. 232; O'Brien v. D'Hemecourt, 118 La. 996, 43 South. 654), we believe it more consonant with the speedy and economical administration of justice to remand the case, for the purpose of enabling the trial court to hear the parties on the subject-matter of these affidavits, than to relegate the husband to another action to change and decrease the amount of alimony which he might be condemned to pay.

[3, 4] We are also led to remand the case for the additional reason that, while the wife was testifying and was being questioned as to the reality of a sale of property which she had made to her sister just before her marriage the trial judge maintained an objection on the part of her counsel to the admissibility of that evidence. We believe the learned judge erred in excluding that testimony. This is not a proceeding to establish or annul title to an immovable by parol, but its purpose is to ascertain whether the wife really owns the income from the property, an issue which is quite pertinent to a proper decision of the case. Plaintiff testified that she supposed her mother collected the rent accruing from the property. Whether that be true or not, it would be against equity to permit plaintiff, if such rent really belongs to her, to give the rent to her mother, and at the same time to compel her husband to make restitution by way of alimony.

[5] In a written synopsis of reasons for judgment, it appears that the learned trial judge fixed the amount of the alimony, for the payment of which he condemned the husband, at approximately one-third of the latter's income, on the ground that such is the general rule. Article 160 of the Civil Code, relating to alimony in suits for divorce, provides that such alimony shall not exceed one-third of the husband's income; but that article does not apply to alimony, pending a suit for separation, which is the subject of the present controversy. The appropriate provision of law is found in article 148, C. C., and is to the effect that, if the wife has not a sufficient income for her maintenance during the suit for separation, the judge shall allow her a sum for her support proportioned to the means of her husband. See Hurry v. Hurry, 138 La. 391, 70 South. 337.

We make this observation, not with a view of controlling beforehand the learned trial judge in the exercise of the discretion vested in him by law, but for the purpose of assisting him in the performance of that responsible duty.

For these reasons, the judgment appealed from is avoided and reversed, and it is or-

dered that this case be remanded, to be tried according to law and the views herein expressed; costs of appeal to be paid by plaintiff, and all other costs to be taxed when the case is finally decided.

Rehearing refused by Division B, composed of Justices O'NIELL, LAND, and BAKER.