181 So. 431

**HULETT v. GILBERT.**

No. 34770.

May 2, 1938.

Louis H. Yarrut and Sydney J. Parlongue, both of New Orleans, for appellant.

Joseph Rosenberg, of New Orleans, for appellee.

ROGERS, Justice.

Plaintiff appeals from a judgment awarding her alimony at the rate of $75 a month contemporaneously with a judgment of separation from bed and board.

The parties have been married for eighteen years. This is plaintiff's second marriage. By her first marriage she has a daughter who is employed as a stenographer in the city of Washington. There is no issue of her second marriage.

Defendant is the office manager of the Jones & Laughlin Steel Corporation, in the city of New Orleans. At the time suit was brought his salary was $316 a month. At the time of the hearing, his salary had been increased to $335 a month. But since the appeal was taken his salary has been decreased to $280 a month.

A rule by defendant to have the alimony reduced from $75 to $50 a month, because of the reduction in his salary, was denied by the trial judge. By agreement of counsel the proceedings on this rule were made

a part of this record to be considered herein, without the necessity of another appeal.

Plaintiff contends that in view of the social circle in which she moves and the poor state of her health, $75 a month is not sufficient for her needs and is not proportionate to the defendant's income. Hence, plaintiff contends that the alimony award should be increased to an amount equal to one-third of defendant's monthly salary.

Defendant, on his part, contends that he is considerably in debt for loans obtained from various parties on which he is making regular monthly payments; that he is under certain expenses incidental to his employment and also other expenses and obligations, which reduce his gross income considerably; and, in addition thereto, that he is the sole support of his aged mother and contributes monthly towards her maintenance. Defendant further contends that the condition of plaintiff's health is not such as to require her to visit her physician more than once a month for observation at a nominal cost.

The amount to be awarded as alimony pendente lite is largely within the discretion of the trial judge. When exercised fairly and without abuse it will not be ordinarily interfered with on appeal.

After considering the evidence produced by the parties in support of their respective contentions, the trial judge fixed the alimony demanded by plaintiff at $75 a month. In doing so, he obviously considered that the amount awarded was sufficient for plaintiff's support and was pro-

portionate to defendant's means. In this we do not find that he acted unfairly or that he abused his discretion. Hence, we see no reason to disturb his judgment.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., does not take part.