**14 So.2d 59**

## BUTTERWORTH v. BUTTERWORTH.

### No. 36689.

May 17, 1943.

Max M. Schaumburger and M. C. Scharff, both of New Orleans, for defendant and appellant.

Hugh M. Wilkinson and A. Miles Coe, both of New Orleans, for plaintiff and appellee.

HIGGINS, Justice.

The wife instituted suit against her husband for a divorce on the grounds of adultery and prayed for the custody of her two minor children, for alimony both pendente lite and permanent for herself and the children, for an injunction to·prohibit her husband from disposing of any of the community property, for a partition thereof, and for the restitution of her separate funds, as well as reasonable attorneys' fees for representing her herein.

The defendant contested only the claims for alimony pending the suit and after judgment of divorce.

On January 23, 1942, the district judge rendered judgments in favor of the plaintiff fixing alimony pendente lite at $315 per month for the wife, and $160 per month for the support of the daughter, Eva Camille, age 14 years, and $75 per month for the support of the son, Harry Bruce, 11 years of age, effective July 26, 1940, and permanent alimony at the same respective amounts for each of the above parties, commencing January 23, 1942, subject to certain credits for money advanced.

The respondent appealed suspensively.

The sole issue before the Court is whether or not the amounts of alimony awarded are excessive.

The record shows that the plaintiff and the defendant were married on January 26, 1927, and that there were two children, issue of the union, Eva Camille, born October 24, 1927, and Harry Bruce, born February 25, 1931; that the family resided in a home in Metairie Ridge, Jefferson Parish, bequeathed to the couple's minor daughter by the defendant's aunt, Mrs. Diebert, who provided a trust estate from' which sufficient revenues are derived to pay the ad valorem taxes amounting to $725 per year; that beginning April 1, 1940, and continuing several months thereafter, the defendant was guilty of repeated acts of infidelity with a woman with whom he became enamoured, resulting in his leaving his home and family; that he was a stockholder in and a salesman for the Lighting Fixture & Electric Supply Company of New Orleans, from which he received an income between $9,500 to $10,000 per year and that he gave up his connection with this company on May 23, 1940; that Mrs. Diebert supported the defendant's wife and children and he used the above referred to funds for his own expenses and enjoyment; that upon the death of Mrs. Diebert, she left a trust estate naming the defendant as beneficiary; that the defendant's net income from all sources for the year 1940, not including the Leedy account, which was a return of capital to the trust estate and not income, amounted to $13,420; that in 1941, the defendant's net income from all sources amounted to $9,625.42, State and Federal

income taxes in the sum of $1,500 having been paid; that the plaintiff has an income from her own investments amounting to $840 per year; that the family lives in the dwelling rent free; that they had lived in excellent circumstances, the wife having received from Mrs. Diebert, prior to her death several years ago, the sum of $400 per month with which to pay the expenses of operating the home; and that since Mrs. Diebert's death, the husband has contributed approximately the same amount for the same purpose.

In the case of Bowsky v. Silverman, 184 La. 977, 982, 168 So. 121, it was stated with reference to alimony pendente lite, under Article 148 of the Revised Civil Code, as amended by Act 130 of 1928, that the court must take into consideration the wife's needs and the husband's means to pay in fixing the same. See, also, Hulett v. Gilbert, 189 La. 877, 181 So. 431.

In the case of Abrams v. Rosenthal, 151 La. 987, 990, 92 So. 567, the Court held under Article 160 of the Revised Civil Code that the permanent alimony for the wife could not exceed one-third of the husband's income but that this limitation was not contained in Article 148 of the Revised Civil Code, which is applicable in fixing alimony pending the suit.

In Gantz v. Wagner, 188 La. 833, 178 So. 367, the Court held that the limit of one-third of the husband's income for permanent alimony under Article 160 of the Revised Civil Code only applied to the wife and additional alimony could be awarded for the support of a child.

The net income of the defendant for the year 1940 was $13,420. Therefore, the allowance of total alimony of $550 per month pendente lite commencing July 25, 1940, was reasonable during the remainder of that year, this amount being slightly less than one-half of the husband's monthly income during that period. In this respect the judgment is correct and will not be modified. In 1941, the defendant's net income was $9,625.42. Alimony pendente lite at $550 per month for the year 1941 would amount to $6,600, which amount is more than two-thirds of the net income for that year. While the trial judge has latitude and discretion in fixing alimony pendente lite, particularly where there are children involved, we are of the opinion that it is not reasonable for the defendant to be cast for alimony in excess of two-thirds of his net income.

Due to the fact that the case was tried on December 17, 1941, and the judgment rendered on January 23, 1942, there is nothing in the record to show what the defendant's net income was for the year 1942. Counsel for the defendant in their brief state that his actual income for that year was $10,259.08, and, in oral argument before the Court, stated that under the circumstances their client would be willing to pay alimony at the rate of $400 per month.

Considering that the wife and two children live in the family home and do not have to pay rent or taxes, that the wife has a separate income of $840 per year, that the defendant's net income for the year 1941 was $9,625.42, and that he is willing to pay

$400 per month alimony, it is our view that the alimony pendente lite for the year 1941 and up to January 23, 1942, should be reduced to the sum of $400 per month and the permanent alimony should likewise be reduced to that amount. The $400 per month to be divided as follows: Mrs. Butterworth, $225 per month, Eva Camille, $100 per month, and Harry Bruce, $75 per month.

Counsel for the plaintiff contend that in fixing both the temporary and permanent alimony, the Court should take into consideration the amount of income the defendant lost by resigning his position with the Electrical Company, because this action was taken deliberately by him to decrease his income and maliciously deprive his family of additional revenues and thereby lower their standard of living. They say that this should be done especially where the husband and father is spending his money by taking the co-respondent on extensive trips to various cities in this country and to points in Mexico. The defendant denied that he had given up his position in order to deprive his wife and children of the comforts to which they were accustomed, stating that he had sufficient income from a trust fund to maintain them on the same scale they had heretofore enjoyed. The attorneys for the plaintiff have not referred us to any authority in support of their contentions. The provisions of Articles 148 and 160 of the Revised Civil Code neither expressly nor impliedly indicate that the plaintiff's position in this respect is well founded. The needs of the wife and the children and the income of the husband are the decisive factors in fixing alimony pendente lite and permanent. Furthermore, the evidence in this case shows that the wife and children will be maintained under the same circumstances to which they have been accustomed.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from fixing the alimony pendente lite is reduced from the sum of $550 per month to the sum of $400 per month commencing January 1, 1941, and ending January 23, 1942, Mrs. Butterworth to receive $225 per month, Eva Camille to receive the sum of $100 per month, and Harry Bruce to receive $75 per month; and

It is further ordered, adjudged and decreed that the permanent alimony commencing January 23, 1942, be reduced from $550 per month to the sum of $400 per month, Mrs. Butterworth to receive the sum of $225 per month, Eva Camille to receive the sum of $100 per month, and Harry Bruce to receive the sum of $75 per month, and in all other respects the judgments are affirmed; the defendant to pay all costs of court.

FOURNET, J., concurs.

ODOM, J., absent.