McCALEB, Justice.
 

 On February 1, 1946, plaintiff filed suit against her husband for a separation from bed and board. She also prayed that she be awarded the custody of their two minor children (Mary Frances, age 5 and issue of the marriage, and Robert, age 12, plaintiff’s child by a prior marriage who had been legally adopted by the defendant) and for alimony pendente lite for herself and the children in the sum of $500 per month. On February 20, 1946, the rule for alimony was heard contradictorily and judgment was entered awarding plaintiff the sum of $275 per month. Thereafter, on June 12, 1946, judgment was rendered in favor of plaintiff decreeing a separation from bed and board and awarding alimony to her and her children at the sum previously fixed, $275 per month. Shortly after the rendition of this judgment, on July 1, 1946, plaintiff filed a rule to increase the alimony to the sum of $500 per month on the ground that she had been and is unable to properly support herself and the children on the amount she-is receiving.
 

 
 *916
 
 After a hearing, the rule to increase the alimony was discharged, the judge being of the opinion, that the rate of $275 per month “is fair and just and should not be changed.” Plaintiff has appealed.
 

 The record reveals the following facts, Plaintiff and defendant were married during _ the year 1937, while the latter was a medical student. She is five years older than her husband, who is now 34 years of age. After graduation and interneship, defendant began the practice of his profession, specializing in dermatology and syphilology. He had been practicing but a short time when he was inducted into the armed forces. After serving three years (part time overseas)1 he was discharged with the rank of Major. Upon being separated from the armed services, he became connected with the Ochsner Clinic of New Orleans as a specialist in dermatology and syphilology and received a salary of $584 per month. On or about August 1, 1945, he severed his connection with the clinic and commenced private practice in his specialty with offices in the Maison Blanche Building which he shared with a Dr. Robinson. During the first five months of his practice, viz., from August 1st through December 31st 1945, defendant’s gross income was $5210.90 and his net income $3115.91. On trial of the rule below, defendant testified that his gross income from his practice from January 1 through June 30, 1946, was $7460 and that Ihis net income was $2008.92. He detailed various expenses which he was required to incur, such as the purchase of an X-Ray machine and considerable penicillin which he administers in large quantities in the treatment of his patients.
 

 Counsel for plaintiff vigorously attacks defendant’s testimony respecting his income, charging that he has deliberately refrained from keeping records in pursuance to a plan to defraud his client and her children of reasonable alimony.
 
 It is
 
 further contended by counsel that, even if the defendant’s statement relative to his income for the six months ensuing from January 1 to June 1, 1946, be accepted, the items deducted by him in arriving at his net income of approximately $2,000 are excessive in some instances and inapplicable in others, as they represent capital expenditures. And finally, counsel declares that plaintiff has established that the sum of $275 per month is insufficient to maintain her household.
 

 The contentions made by counsel for plaintiff cannot be sustained as the evidence does not justify the conclusion that the trial judge abused his discretion in refusing to increase the alimony to a sum greater than $275 per month. The jurisprudence of this court is that the amount to be awarded as alimony pendente lite is largely within the discretion of the trial judge. Hulett v. Gilbert, 189 La. 877, 181 So. 431.
 

 An examination of the testimony makes it plain that the defendant neither is a wealthy man nor has he any assurance that he will
 
 *918
 
 continue to earn the gross amount collected by him during the first six months of 1946. Broadly speaking, he is a young physician not yet established in the community, despite the fact that he has progressed with rapidity as a result of his connection with the Ochsner Clinic. The reference by the Clinic of most of its patients suffering with skin diseases to the defendant, for many months following his resignation from its staff, has unquestionably been of great benefit to him. But, as stated by defendant in his testimony, this practice has been discontinued as the clinic has recently appointed a skin specialist to its staff of physicians.
 

 The grave error of defendant, following his marital difficulties, was the discontinuance of his bank account and his failure to keep permanent records. His decision to adopt this course of conduct made him an easy prey to a searching and skillful cross-examination by counsel for plaintiff. But this error of judgment, whether founded on bad advice or otherwise, cannot support an increase in the alimony award in the absence of affirmative proof showing a greater ability to pay.
 

 Morever, it seems clear from the record that the alimony of $275 per month for plaintiff and her children is fair and conformable to their station in life. An analysis of plaintiff’s testimony has been sufficient to convince us that plaintiff and her children can get along on this amount and that her desire for an increase is founded on her belief that it is essential that her son remain in an expensive private school where he will receive special attention.
 

 The judgment is affirmed.