126 So.2d 854 (1961)
Jacqueline Stewart RUSS, Plaintiff-Appellee,
v.
Fred E. RUSS, Jr., Defendant-Appellant.
No. 9409.
Court of Appeal of Louisiana, Second Circuit.
February 2, 1961.
*855 Love & Rigby, Shreveport, for defendant-appellant.
Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for plaintiff-appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
AYRES, Judge.
In this action for a separation "mensa et thoro," on trial of a rule nisi, plaintiff was granted the provisional custody of the two minor children, issue of her marriage with the defendant, and was awarded alimony pendente lite in the sum of $200 per month for herself and $75 per month for each of said minors. From the judgment thus rendered and signed, as relates to the payment of alimony, defendant appealed suspensively and devolutively to the Supreme Court. The appeal, in due course, was transferred to this court. Presented for resolution is one issuethat is, whether or not the award of alimony is excessive.
Plaintiff and defendant were married in 1947 and, of their marriage, two children were born: Debra Lynn Russ and Dana Stewart Russ, whose ages are now approximately nine years and six years, respectively. During February, 1958, plaintiff and defendant separated and this action followed in October, 1958.
LSA-C.C. Art. 148 is the basis for the allowance of alimony pendente lite to a wife. There it is provided:
"If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband."
Thus, in making an award of alimony pendente lite to a wife, the court must take into consideration the wife's needs and the husband's means. Butterworth v. Butterworth, 203 La. 465, 14 So.2d 59; Hulett v. Gilbert, 189 La. 877, 181 So. 431; Bowsky v. Silverman, 184 La. 977, 168 So. 121.
Equally positive is the parents' obligation to support and educate their children. For instance, it is declared, in LSA-C.C. Art. 227, that
"Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children."
See, also, LSA-C.C. Arts. 229 and 230. Such alimony is likewise granted in proportion to the wants or needs of the person requiring it and the circumstances of those who are to pay it. LSA-C.C. Art. 231.
The defendant is engaged in the luggage business. He and members of his family own and operate two such stores, Kidd-Russ *856 Co., Inc., of Shreveport, and Kidd-Russ Luggage Co., Inc., of Baton Rouge. Defendant owns 160 of the 330 shares of the capital stock of the Baton Rouge store, the par value of which is $100 per share. He likewise owns 30 of the 500 shares of the capital stock in the Shreveport store. From the former, he draws a salary of $100 per month and, from the latter, $500 per month.
Other material facts are established in the record. Defendants owns a residence in Shreveport valued at $21,000 in which he has an equity of $10,500. He maintains, in force, life insurance in the sum of $47,000. Plaintiff and the two children occupy the family residence, upon which a mortgage rests. The monthly payments upon this mortgage are in the sum of $82.56. Defendant resides in an apartment at the Town House for which he pays $84 per month. Defendant's salary from the Baton Rouge store is used in the payment of an open account due that store and, from the total of his salary, there is withheld and deducted $85.10 per month for the payment of Federal income and F.I.C.A. (Federal Insurance Contributions Act) taxes. 26 U.S.C.A. § 3121 et seq.
Plaintiff, in considerable detail, has outlined and itemized the basic needs and requirements of herself and children to maintain themselves in a situation and in a station of life comparable to that which they were enjoying prior to plaintiff's and defendant's separation. Their needs and requirements, according to the data furnished, exceed that of the defendant's established income. From facts revealed by the record, it can only be concluded, and in fact it was so stated, that throughout their married life plaintiff's and defendant's "living" exceeded their "income."
Defendant, on the other hand, has itemized his needs and requirements and, from this, he concludes he should retain, from his salary for his own use, the sum of $175 per month.
In balancing the needs and requirements of one against the other, it may be pointed out that defendant has, available for his use and enjoyment, an automobile of his company, whereas plaintiff has been deprived of the use of a vehicle formerly furnished for the family use.
As aptly observed by the trial judge, the family income is rarely ever enough to support and maintain two households, and, in many instances, never enough to properly maintain one household as the parties would desire. Where the household is divided, expenses are duplicated which were formerly shared. Serious and difficult problems arise and, in their solution, a change in the standard of living on the part of both parties many times becomes inevitable. This is one of the penalties inherent in the failure of most marriages.
Nevertheless, the record establishes that defendant's income is $600 per month. The total expenses estimated by defendant for his maintenance in the manner he has established for himself after the separation amounts to $175 which includes a payment of $10 per month upon a loan and, after deducting an amount for income taxes and social security, and taking into account credit paid for alimony on defendant's income in computing his income tax liability, there will be available $350 per month, at least, for the support of the wife and children. This was the conclusion reached by the trial court.
The amount awarded as alimony pendente lite is largely within the discretion of the trial court. When such discretion is exercised fairly and without abuse, it will not be ordinarily interfered with on appeal. Hulett v. Gilbert, supra. In this regard, we find no abuse by the trial judge in the exercise of his discretion. Nor do we find manifest error in his determination of the alimony awarded plaintiff either for the use of herself or for the use and benefit of the minors entrusted to her custody.
The judgment appealed is therefore affirmed at defendant-appellant's cost.
Affirmed.