REID, Judge.
This matter is before the Court on appeal by the plaintiff, Mary Elle Anderson from judgment on a rule increasing the maintenance and support of her two minor children, issue of her marriage with the defendant, Charlie Anderson, to the sum of $15.00 a week.
The appellant assigned as error the evidence presented justified a greater award than the amount granted by the Family Court and the token increase actually granted was manifestly unjust.
The record shows this same issue has been before the Family Court some five times. The Court, on October 13, 1959, fixed the alimony pendente lite for the support of Gary Anderson and Ezedia Anderson in the sum of $60.00 per month payable semi-monthly on the 1st and 15th day of each month beginning October 15, 1959. The Court rendered judgment decreeing a separation from bed and board between the plaintiff and defendant in this suit on December 23, 1960 and awarded alimony to plaintiff in the sum of $10.00 per week for the maintenance and support of the minor children. Plaintiff on February 21, 1962 obtained a judgment of final divorce between her and defendant and a-limony was continued at the sum of $10.00 per week. Subsequently plaintiff filed a rule to increase the alimony, which rule came up for trial on October 22, 1962 and the Court on that date rendered judgment which was signed on November 9, 1962 rescinding and amending the previous judgment and awarding plaintiff the sum of $15.00 per week payable on Saturday of each week beginning Saturday, October 27, 1962 for the support of the said two minor children.
Plaintiff filed a motion for a new trial which was overruled on November 19, 1962 and from this judgment the plaintiff-appellant prosecutes this áppeal.
Plaintiff in rule alleges the two children were in school and the said award *304 was most insufficient to provide for their needs and asked for alimony in the sum of $150.00 a month. A judgment awarding alimony is subject to change at any time when the circumstances of the parties justifies it. Rabun v. Rabun, 232 La. 1004, 95 So.2d 635; Brown v. Harris, 225 La. 320, 72 So.2d 746; Smith v. Smith, 217 La. 646, 47 So.2d 32; Comstock v. Bourge, 210 La. 20, 26 So.2d 220.
The Civil Code provides:
LSA Art. 227
“Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.”
LSA Art. 231:
“Alimony shall be granted in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it.”
The facts show plaintiff, the mother of the children, works at Prescott Kiddie-Keep, and her salary is $29.95 a week. She makes $40.00 or $42.00 a week when she works overtime. She has a younger sister who stays with her and helps care for the children on their return from school until the mother gets home. The sister also attends school and plaintiff allows her free board and lodging in return for her assistance in caring for the children.
Defendant, Charlie Anderson, works at Kaiser Aluminum and receives a regular basic salary of around $330.00 a month. When he was out of work during June of 1959 the alimony was reduced to $10.00 per week from the original $15.00 per week. He resumed work in August, 1961 and at the time of the trial of the last rule stated he was in a position to pay a little more than $10.00 he had been paying while he was laid off. He testified his monthly expenses included at $21.50 payment to Sears Roebuck; rent $30.00; E. J. Gonzales $35.-73; groceries $60.00; transportation $7.00; laundry $25.00; union dues $5.00; hospitalization $2.00; utilities $7.00; credit union $30.00; hair trims $3.00. This totals $226.23. This amount does not include any sum for clothes, medicine or entertainment. The amount of $226.23 added to alimony payments based on $15.00 per week for 4i/$ weeks, or $65.00 will make a total of $291.23. Subtracting this sum from the basic pay leaves a balance of around $40.00 for the purchase of clothes, medicine, and entertainment.
There is no testimony in the record to show any increased needs on the part of the children. While there is a general allegation that the children are now in school and the previous amount of $10.00 a week was insufficient there is no testimony in the record to substantiate this. In addition, the testimony shows that the original award of alimony of $60.00 a month was based on the earnings of the defendant which were the same as they were at the time of the increase, now $330.00 per month. No appeal was taken from the award of the subsequent judgment reducing it to $10.00 a week until after the trial of the last rule, at which time the award was increased to $15.00 per week.
Defendant testified he gave the children extra money from time to time for which he did not claim any credit.
Plaintiff cites some seven cases in support of her claim for a greater increase in the alimony. We have no quarrel with these cases but think each case should rest on the facts peculiar thereto.
Our Courts have held an amount awarded as alimony pendente lite is largely within the Trial Court’s discretion and when such discretion is exercised fairly and without abuse it will not ordinarily be interfered with on appeal. Russ v. Russ, La.App., 126 So.2d 854; Hulett v. Gilbert, 189 La. 877, 181 So. 431.
We fail, in the instant case, to find any abuse of discretion by the Trial Judge. The alimony was reduced when the man *305 was out of work and increased when he returned to work, and was able to pay more.
For these reasons we are of the opinion that the judgment of the Lower Court is correct and should be affirmed.
Affirmed.