McBRIDE, Judge.
On July 31, 1964, a consent judgment was entered in this suit for separation from bed and board granting plaintiff alimony pen-dente lite. Defendant was ordered to pay $350.00 per month until an audit of his finances could be completed, at which time a hearing was to be held to adjust the amount of the alimony. Besides the monetary award, the wife was granted the use of the former matrimonial domicile owned by the community and the use of the 1962 automobile also owned by the community.
On November 10, 1964, the contemplated adjustment hearing was held, and the only change in the judgment was the reduction of the cash payment from $350.00 to $300.00 per. month. In other respects the original judgment was left intact. Defendant has appealed.
The trial court noted that it is a “difficult matter to ascertain exactly” the income of defendant, because his business is incorporated. The trial judge concluded that the corporate income amounted to approximately $1,200.00 per month and that defendant is a government pensionee to the extent of $92.40 per month. However, the evidence before us shows that the pension was to be reduced to the amount of $49.50 as of December 15, 1964.
Appellant contends before us that his income is not nearly as much as the trial judge found it to be. The corporation at the time of the hearing had been in existence for about seven months, and appellant insists his earnings therefrom for said period were only $4,600.00.
At the hearing for the adjustment of the alimony, plaintiff submitted a balance sheet of the corporation which had been prepared by appellant’s bookkeeper under his orders, which showed that, taking into consideration all the corporate expenses and salaries, depreciation, and taxes paid at the end of the first seven months, the corporation had a surplus of $9,972.71. This was over and above the $2,600.00 withdrawn by the wife from the corporation before the suit was filed, which amount was used by her to pay community expenses and some obligations of the corporation. It appears that the original capital investment defendant made in the corporation was only $1,200.00. At the inception of- the corporate business, he was its sole stockholder. However, after this suit was filed but before he was served with the restraining order prohibiting his parting with community property, defendant caused the corporation to issue 1,000 additional shares of stock which the corporation purportedly sold to a third party for $2,000.00; the corporation also gave another third party 80 shares of stock purportedly in consideration for services rendered. The issuance of the additional stock tended to greatly dilute appellant’s interest in the corporation, and, in fact, relegated him to the status of a minority stockholder. Of course, the bona fides of the stock transactions are questioned, but we do not think it necessary to resolve the controversy arising.
The record shows that plaintiff is in a poor state of health1 and requires periodic medical attention; she has to meet substantial medical bills, and because of her condition; she requires special foods. The matrimonial domicile is located in Metairie, Louisiana, approximately two miles from the nearest bus stop and approximately four *755 miles from the nearest shopping center, making her use of automotive transportation essential. She estimated that her bare living expenses, including upkeep of the automobile would run to approximately $360.37 per month in addition to shelter.
Appellant argues that the judgment works a hardship upon him and is unreasonable. He points out that the installments on the mortgage on the community home are $116.11 each month and that the payments on the indebtedness due on the automobile are $135.80 per month, and in addition thereto, there are other community obligations to pay.
We lean to the conviction that defendant’s income is more than he professes. He cannot hide behind the corporate entity. LSA-C.C. art. 148, as amended, states that if the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.
The limitation in LSA-C.C. art. 160 that the alimony which the court may, at its discretion, allow a divorced wife, payable out of the property of the husband, shall not exceed one-third of his income, should not be confused with the sum which, under LSA-C.C. art. 148, as amended, the judge shall allow for the support of a wife who has not sufficient income for her maintenance during the suit for separation. Hurry v. Hurry, 138 La. 391, 70 So. 337.
The court must fix an amount of alimony that will be just and fair to each party. Reichert v. Lloveras, 188 La. 447, 177 So. 569.
The codal articles do not disclose the elements upon which the conclusions of the court must rest in fixing the amount of alimony to a wife pendente lite. Each case depends on its special facts, and the matter is left greatly to the discretion of the trial judge. An amount sufficient for the decent support and maintenance of the wife should be granted. Nissen v. Farquhar, 121 La. 642, 46 So. 679.
The amount to be awarded as alimony pendente lite being largely within the discretion of the trial judge, his conclusions will not ordinarily be interfered with on appeal when exercised fairly. Hulett v. Gilbert, 189 La. 877, 181 So. 431.
In the instant case, as in many others coming before the courts, it is a difficult task to say just what amount the husband should be condemned to pay. Viewing all of the aspects of the case, we do not feel that we should substitute our conclusions in lieu of those of the trial court who heard the testimony and was in the best position to appraise its value. We see no manifest error in the judgment appealed from. There has been no abuse of discretion on the part of the trial judge.
Appellant has presented a motion to remand the case so that the evidence taken on his rule to reduce the alimony might be included in the instant record. It is said we should consider such evidence along with that now in the record. Whatever testimony or other evidence was or may be adduced on the trial of the rule to reduce plays no part in this appeal, and we cannot consider it. The correctness of the award of alimony pendente lite must be determined on the basis of the evidence before the trial judge at the time the alimony was initially fixed. Therefore, we must deny the motion to remand.
We do not know the outcome of the rule to reduce the alimony. However, we feel sure that if there is a possibility of error having been committed by the trial judge in fixing the amount that his honor below will rectify his mistake on trial of the rule to reduce.
Therefore, the judgment appealed from is affirmed.
Motion to remand denied. On appeal judgment affirmed.