HOOD, Judge.
Mrs. Renee G. Gayle instituted this action against her former husband, James F. Gayle, for judgment increasing the amount of child support payments which the defendant previously had been condemned to pay. Judgment was rendered by the trial court increasing the amount of those payments from $300 to $440 per month. Plaintiff has appealed, demanding that the award be fixed at a greater sum per month. Defendant has answered the appeal, praying that it be reduced.
Plaintiff and the defendant were married in 1947, and four children were born of that union. In 1959, plaintiff obtained judgment against defendant in the Fourteenth Judicial District Court of Louisiana, decreeing a separation from bed and board between them, granting the custody of their four minor children to plaintiff, and awarding plaintiff alimony in the sum of $160 per month and child support in the amount of $240 per month. A judgment of final divorce was rendered by an Arkansas court in 1960, and that judgment decreed that the awards of custody, alimony and support, as ordered by the Louisiana court, should be continued.
Mrs. Gayle later remarried, and the payments of alimony to her were discontinued. By agreement of the parties, however, the amount of support for the children was increased to $300 per month, and that amount has been paid regularly by the defendant since that time. Plaintiff separated from her second husband in 1963, and later she was divorced from him. One child was born of the union between plaintiff and her second husband, and that child, as well as the four children who are issue of her marriage to plaintiff, resides with her. She receives about $100 per month from her second husband for the support of her youngest child.
On August 11, 1965, plaintiff instituted this action against defendant demanding that the award for child support be increased from $300 to $800 per month. As we have already pointed out, the trial judge increased the award to $440 per month.
Mrs. Gayle testified that she has no assets or income of any kind, except for the payments of about $100 per month which are being made to her by her second husband. She received a property settlement of $21,000 when she separated from defendant in 1959, but she says that this has now been depleted. She testified that she requires a total of about $960 per month for *160 the support of the four children, issue of her marriage to defendant, and in connection with that testimony, she prepared and filed in evidence an itemized list of such expenses. In addition to the usual expenses, such as food, clothing and medical expenses, the list also includes such items as insurance on car and household furniture, depreciation and maintenance of automobile, gasoline and oil, utilities — portion attributable to children, upkeep on appliances and T.V., special vacation or camp at school and away, and reasonable cost of maintaining maid-chauffeur and tutor-mother combination. No other witnesses were called by plaintiff, and no evidence was produced which tended to corroborate her statements as to the expenses which she has incurred in caring for the children. In his reasons for judgment, the trial judge observed that, “some of the items were exaggerated.”
Mr. Gayle also remarried after he and plaintiff were divorced. Two children were born of that union, and his second wife has one child, issue of a prior marriage. The defendant is now living with his second wife and these three children. He owns a one-fourth interest in a ranch, and he estimates the value of his entire estate at about $150,000. His income consists of a salary of $10,800 from the ranch, and a portion of the income from that ranch. His total income during the past three years has averaged about $23,689 per year. He explained, however, that the income which he receives from the ranch, over and above his salary, depends upon whether the land is leased for oil purposes, and that he does not know whether the leases will be continued in effect, since several wells have been drilled on the ranch property in search of oil, and all have resulted in dry holes. He testified that two such leases were due for renewal during the months of the trial, but that no steps had been taken by the lessees to renew them. His present wife receives $87 per month from the Veteran’s Administration to assist in the support of her child by a prior marriage.
The defendant testified that in addition to the child support payments of $300 per month which he has made to plaintiff, he also provides additional funds for their birthdays and for Christmas. He maintains insurance policies insuring his own life for $34,000, with these children being named as beneficiaries. He also provides hospitalization insurance and a type of savings program for the children. As a result of the last mentioned program, the four children have accumulated U. S. Savings Bonds in the amount of $6400 and a substantial number of shares of stock in the Texas Fund.
The trial judge did not accept plaintiff’s estimate as to the amount which she would need each month for the support of the children, but he did conclude that “the expenses of the four children are in excess of $500 per month.” In determining the amount of the award, however, he gave some consideration to the fact that defendant was making other substantial payments for their support, which included the maintenance of life and hospitalization insurance and the payment of additional sums for birthdays and Christmas. He then concluded that, “based on the needs of the children and Mr. Gayle’s ability to pay,” the amount of child support should be increased to $110 per child, or a total of $440, per month.
Plaintiff correctly points out that an award of alimony for the support of children is always subject to modification if there is any change in the needs of the children or in the ability of the father to pay. Rose v. Rose, La.App. 3 Cir., 177 So.2d 659. The person who is demanding that the award for the support of the children be increased, however, bears the burden of proving each item of expense with particularity and of showing that such an increase is necessary or warranted. Poydras v. Poydras, La.App. 1 Cir., 155 So.2d 221, 1 A.L.R.3d 317. The trial judge should *161 be given wide discretion in determining the amount of alimony awards. Butterworth v. Butterworth, 203 La. 465, 14 So.2d 59; Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321; and Wilson v. Wilson, La.App. 3 Cir., 129 So.2d 61 (Cert. denied).
We agree with the trial court that plaintiff has failed to establish with particularity all of the items of expense which she claims, and we cannot say that he erred in concluding that the expenses of caring for the four children are “in excess of $500 per month.” We interpret this to mean that these expenses are slightly more than $500, and certainly less than $600, per month. We find no error on the part of the trial judge, however, in his considering the insurance and other forms of support which the defendant is providing for his children, and in taking those matters into consideration in determining the amount which he should be condemned to pay as child support. Also, he properly considered the income and ability of the defendant to make the payments which are needed. In our opinion the award of $440 per month made by the trial court is supported by the evidence. Certainly there has been no abuse of discretion on the part of the trial court in fixing the award in that amount.
The judgment appealed from decrees that payment of alimony for child support at the increased rate shall begin on January 1, 1966. Plaintiff argues that the trial judge erred in failing to order that such payments begin on August 11, 1965, that being the date on which this action was instituted. We think it is within the discretion of the trial judge to determine when the payments will begin, and we found no abuse of that discretion in the decree that the larger payments begin on January 1, 1966.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.