BOLIN, Judge.
Sandra Kay Horne obtained a judicial separation from Douglas Wayne Horne on November 2, 1966. Mrs. Horne was awarded custody of two young children, issue of the marriage, and Mr. Horne was ordered to pay alimony for the support of the children in the sum of $100 per month and, additionally, to pay the necessary expenses incurred for the medical and dental care of the children. On October 26, 1967, Mrs. Horne filed a rule nisi seeking an increase for the children’s support from $100 to $150 per month. For oral reasons the lower court rejected plaintiff-in-rule’s demand and she appeals.
The only witnesses testifying were Mr. and Mrs. Horne. From their testimony we conclude Mrs. Horne failed to show any increase in the expenses for the care and maintenance of the two children from the date the award was fixed on November 2, 1966, until November 7, 1967, the date of the hearing on the rule. The evidence, however, does reflect Mr. Horne’s net monthly income had increased slightly during this same period.
The obligation of parents to support their children is a continuing one and either parent has a right at any time to come into court to show materially changed conditions supporting a request that the court increase or decrease an alimony award. (La.C.C. Arts. 227, 231, 232. See also Anderson v. Anderson, 158 So.2d 303, La.App., 1st Cir.1963, and cases cited therein.)
Our courts have consistently held an amount awarded as alimony pendente lite is largely within the trial court’s discretion and when such discretion is fairly exercised it will not ordinarily be interfered with on appeal. Russ v. Russ, 126 So.2d 854, La.App., 2d Cir.1961; Hulett v. Gilbert, 189 La. 877, 181 So. 431 (1938) and Anderson v. Anderson, supra.
Our examination of the record fails to disclose any abuse of discretion by the trial judge and, accordingly, the judgment appealed from is affirmed at appellant’s cost.