LANDRY, Judge.
Defendant (Appellant) appeals from judgment awarding plaintiff (Appellee) alimony in the agreed sum of $450.00 monthly, plus other agreed emoluments, for the support of Appellee and three minor children of the marriage between the parties, said alimony decree being rendered incident to Appellee’s action against Appellant for a judicial separation on the ground of abandonment. We affirm.
Appellant responded to Appellee’s petition by a general denial. By consent of the parties the matter was heard instanter. Appellant, though not present at the hearing, was represented by counsel who attended the hearing and who stipulated and consented to the matter being heard in the nature of a confirmation by default.
It is conceded, both in the scant transcript and in Appellant’s brief, that Appellant agreed and consented to pay Appellee the sum of $450.00 monthly for the support of Appellee and Tamara Lynn Chapman, 15, Randy Lee Chapman, 12, and Jay Christian Chapman, 4, issue of the marriage between these parties. It is also conceded that Appellant agreed to pay a certain automobile note in the sum of $91.39 monthly commencing October 1,1975, until the note was discharged in full, and to pay hospital insurance coverage on the children.
*552 The only testimony relative to the alimony issue consists of that given by Appellee who testified without contradiction, that Appellant was employed at a gross salary of $1,300.00 monthly, with a take home pay of approximately $1,075.00 per month. She further attested a mutually agreeable settlement of community between the parties and Appellant’s agreement to pay precisely the alimony awarded by the trial court.
Appellant contends that the alimony award exceeds Appellee’s needs and requests the court to remand this matter to permit the trial court to fully consider the issues of Appellee’s needs and Appellant’s income. Appellant’s position is best described by the concluding sentence of his brief which reads as follows:
“The Appellant should not be placed in a position to pay an excessive amount of alimony and child support while no change in circumstances has occurred, simply because of a consent decree which he now feels is unjustified and for which he has filed this appeal.”
Appellant makes the basic contentions that the alimony award exceeds plaintiff’s needs and results in the taking of an inordinate portion of his income.
The limitation contained in La.Civ.Code Art. 160, restricting alimony to one third of a husband’s income, has no application to an award of alimony pendente lite pursuant to La.Civ.Code Art. 148. Hurry v. Hurry, 138 La. 391, 70 So. 337.
An award of alimony pendente lite pursuant to La.Civ.Code Art. 148 is largely within the discretion of the trial court. Bernard v. Bernard, La.App., 300 So.2d 499.
Because an award of alimony pendente lite is discretionary with the trial court, such an award should not be set aside unless an abuse of discretion is clearly shown. Lockwood v. Lockwood, La.App., 175 So.2d 313.
A party seeking change in a prior judgment for alimony pendente lite bears the burden of proving circumstances justifying the change. In such cases the judgment is presumed to be correct until the necessity for change is shown. Keneson v. Madeley, La.App., 185 So.2d 868.
We know of no reason why spouses may not consent to an alimony award which will become binding upon approval by and incorporation into a trial court judgment, especially where the rights of minors concerned appear amply protected. We are likewise unaware of any reason why a judgment for alimony, based on a voluntary agreement of the parties, should be set aside on appeal merely because the party liable for alimony decides, after judgment, that the agreed amount is excessive.
We hold that where an alimony award is thusly fixed, and no abuse of the trial court’s discretion appears of record, which we find herein, the judgment is binding on the parties and may not be changed save upon a showing of change in circumstances, the same as in the case of an alimony award rendered after full trial of the issues involved. Keneson v. Madeley, above.
The judgment is affirmed at Appellant’s cost.
Affirmed.