SAVOY, Judge.
Plaintiff instituted suit on a promissory note signed by defendant to recover $4,-974.97 and to have its chattel mortgage on certain property of defendant recognized. Defendant answered denying liability and alleging that he was coerced into signing the promissory note. Defendant further prayed for trial by jury.
From a jury verdict in favor of defendant, plaintiff has appealed devolutively, contending that the jury erred in' finding defendant was coerced into signing the note.
On August 3, 1967, defendant filed a petition in bankruptcy listing plaintiff as a creditor on two separate notes totalling $3,-947.54. On October 12, 1967, defendant was discharged in bankruptcy without opposition. Subsequent to the discharge in bankruptcy, defendant went into' the office of plaintiff, borrowed $250.00 and re-signed a new promissory note in the sum of $4,-974.97. There is a discrepancy in the testimony at this point as to how and why defendant went to plaintiff’s office; the plaintiff contending that defendant contacted its manager wanting to borrow more money and signed the new note when he *257 was told the company could not lend him any additional money unless he would sign the new note for the past indebtedness which had been discharged in bankruptcy. Defendant, on the other hand, contends that he contacted plaintiff after the bankruptcy hearing to see if they were interested in the furniture mortgaged in their favor. Subsequently thereafter the manager of plaintiff called defendant to discuss some property listed on a chattel mortgage signed by defendant but which was never owned by him. It is at this juncture that defendant claims he was threatened with criminal prosecution by the manager and was also told that his employer would be called concerning the indebtedness if defendant did not sign the new note.
Mr. Cleveland Lamar Bridges testified for plaintiff and was the manager at the time the loan was made. His version follows the portion of the foregoing paragraph to the effect that defendant came in to borrow money, and when informed that the company could not make him a loan unless a new note was signed, he agreed to sign the new note. Mr. Bridges expressly denied making threats of any nature toward defendant.
Mrs. Ellen Verett testified on behalf of plaintiff. She was employed by plaintiff as a cashier-typist at the time of the loan in question although she is presently employed by State Securities. Her testimony was to the effect that although she remembered a heated exchange of words between Mr. Bridges and defendant, she could not remember the context of the conversation.
Miss Glynda Barnes testified at the instance of plaintiff. Although she presently works for some accountants in Lake Charles, she was working for plaintiff as a bookkeeper at the time that defendant made the loan with which we are concerned. She could remember nothing unusual of the signing of the loan with defendant.
Mr. Robert Allen Cavenah was called to the witness stand on behalf of plaintiff. He recalled the time when defendant came into the office to sign the note on October 27, 1967, but could recall nothing unusual about the signing either.
Defendant testified on his own behalf. He said that he had done business with Port Finance for some 15 to 17 years. During 1967 he was working for Sline Industrial at P. C. I. as a painter, but in July of the same year he was out of work because of a strike which lasted some three months. As a result of the strike, he was unable to meet his obligations and took bankruptcy, naming Port Finance as a creditor on two separate accounts which were owing. He was of the opinion that if he did not sign the new note, Mr. Bridges would attempt to have him criminally prosecuted or would contact his employer. However, defendant readily admitted on the witness stand that he had been contacted by Mr. Bridges relative to the signing of the new note and had several days in which to think it over. He said that he did not think to contact his attorney who placed him in bankruptcy to see if Port Finance had a cause of action against him. After he agreed to sign the note, Mr. Bridges offered to loan him $250.00 to tide him over during the strike. When questioned as to whether he had agreed to pay $75.00 per month, he answered that he had provided that Mr. Bridges put the car note and bankruptcy note together. He testified that he had agreed to pay $75.00 per month for 66 months. His reply, when asked whether he had heard of anyone being fired from the job for non-payment of bills or a garnishment, was in the negative.
As we said in Vestal v. Vestal, 227 So.2d 634 (La.App. 3 Cir. 1969):
“ * * * It is basic that fraud is never presumed and must be proved convincingly by more than just a preponderance of the evidence. * * (Citations omitted.)
Although the trial judge correctly instructed the jury regarding the burden *258 of proof involving cases of alleged fraud, we are of the opinion that there was not enough evidence present in the record to substantiate the jury’s verdict, especially in view of the basic principle of law quoted above. Even though the debt was discharged in bankruptcy, there remained the moral obligation of the debtor which constituted sufficient consideration for the making of a new note. In addition, plaintiff loaned more money to defendant on the condition that he sign a new note. Defendant had been represented by an attorney in his bankruptcy proceeding and had several days to ponder his decision to sign or not sign. We are of the opinion that the jury erred in applying the law as given to them in the charge to the jury in the instant case.
For the foregoing reasons the judgment of the district court is reversed, and judgment is rendered in favor of plaintiff, Port Finance Company, Inc., and against defendant, John H. Daigle, in the sum of $4,-974.97, with interest thereon at the rate of five per cent per annum, from December IS, 1967, until paid, and 25% additional on the aggregate sum of principal and interest as attorney’s fees; and that plaintiff’s chattel mortgage and lien and privilege resulting therefrom be recognized on the property listed in the prayer of plaintiff’s petition. Defendant to pay all costs.
Reversed and rendered.
On Application for Rehearing.
En Banc. Rehearing denied.