179 So. 866

**WRIGHT v. WRIGHT.**

No. 34740.

March 7, 1938.

Barnette & Barnette, of Shreveport, for relator.

J. F. Phillips, of Shreveport, for respondent.

HIGGINS, Justice.

The relator pleaded ten-year prescription liberandi causa, under article 3547 of the Revised Civil Code, to a judgment condemning him to pay alimony at the rate of $35 per month for the support of his two minor children. The district judge overruled the plea and relator notified him and the plaintiff in the rule for contempt of his intention to apply to this court for writs of certiorari and prohibition, which were granted with a rule nisi. Respondent judge filed his return and the question is now before us. for decision.

On June 4, 1924, judgment was read, rendered, and signed in this case, condemning the relator to pay alimony for the support of his two minor children. No appeal was taken and from time to time relator paid the alimony but finally became

delinquent in his payments. No proceedings to revive the judgment were taken. On October 22, 1937, a rule was issued commanding the relator to show cause why he should not be adjudged in contempt for failure to pay the alimony. Defendant then pleaded prescription of ten years liberandi causa based upon the provisions of article 3547 of the Revised Civil Code, the pertinent part of which reads as follows:

"All judgments for money, whether rendered within or without the State, shall be prescribed by the lapse of ten years from the rendition of such judgments."

▄ Relator contends that the trial judge erred in holding that the provisions of this article were inapplicable to a judgment for alimony for the support of minor children.

Article 227, R.C.C., provides:

"Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children."

The legal duty imposed upon a father to support his children continues during minority and is not affected by divorce or separation.

▄ In State ex rel. Huber v. King, Judge et al., 49 La.Ann. 1503, 22 So. 887, it was held, as expressed in the syllabus by the court, that:

"1. An order for alimony in a divorce suit is nothing more than the judicial sanction and enforcement, under abnormal conditions, through the judiciary, of the duty by the husband to support his wife. Rev. Civ.Code, arts. 119, 120.

"2. A right to receive or demand support (or money in order to enforce support) is something other and different than a right to receive and be paid a technical debt.

"3. There are many cases when the right to claim and receive money is not derived from, nor based upon, the relation of debtor and creditor between the parties. Judgments in such cases recognizing the right, and ordering its enforcement, are not necessarily judgments for debt.

"4. The mere fact that the judicially recognized right may be enforced through fieri facias is not determinative of its legal character. It is by no means unusual for the same right to be enforceable by concurrent or cumulative or consecutive remedies."

This opinion cites authorities from many other states wherein it is held that the obligation to support a wife or child is not a debt but a duty and that an order or judgment to pay alimony is not a money judgment founded upon debt, but is one enforcing a continuing legal duty. While this case involved a question of alimony for the wife, the findings and reasonings apply more strongly to a case for the support of a minor child by its father.

In the case of Edwards v. Perrault, 170 La. 1011, 129 So. 619, it was held that execution based on an alimony judgment could only issue for the accumulated arrears, the amount of which has been ascertained by some judgment proceeding or admissions of the husband in his pleadings in the contempt proceeding.

■■ A judgment for alimony is not a final judgment, but is always subject to review and change as to future installments in the court which rendered it. Article 232, R.C.C. A money judgment is a vested right and not subject to change.

■ We quote with approval from the return of our learned brother below:

"If the judgment in this case is held to be prescribed, the minors can come into court and procure another judgment as the duty to support the child continues during minority. A court will not set aside an order when another may immediately issue.

"If such a judgment was a money judgment enforcing a debt, imprisonment on contempt for failure to pay it would be imprisonment for debt and contrary to the Constitution.

"The prescription plead is not that of three years for arrearage of alimony provided in article 3538 of the Civil Code. Counsel for relator says in his brief filed in the case:

" 'This, however, is not a suit for the arrearage of the alimony and we do not plead the prescription of three years. Our contention is that the judgment, being more than ten years old, on its face is prescribed by article 3547 of the Civil Code and the plaintiff and judgment creditor has permitted her right to revive same, to expire.'

"Willful neglect to support a minor child subjects the parent to a criminal prosecution and punishment by a fine not exceeding $100.00 or by imprisonment not exceeding one year, or both. Article 927 of the

Code of Criminal Procedure, Act No. 77 of 1932,"

It is our opinion that the quoted part of article 3547 of the Revised Civil Code does not apply to a judgment for alimony rendered in behalf of minor children against their father. The district judge properly overruled the plea of prescription.

For the reasons assigned, the writs of certiorari and prohibition are recalled, the rule nisi discharged, and the judgment of the lower court affirmed at the relator's costs.