**20 So.2d 10**

**WHITE v. BENDIX.**

**No. 37361.**

Nov. 6, 1944.

R. A. Dowling and John J. Jackson, both of New Orleans, for plaintiff and appellant.

Cyril F. Dumaine, of New Orleans, for defendant and appellee.

FOURNET, Justice.

The plaintiff is appealing from a judgment of the lower court dismissing his rule to have the alimony of $40 a month awarded his wife reduced.

Under the express provisions of Article 160 of the Revised Civil Code, the court, finding a wife sued for divorce on the grounds of separation for more than

two years entitled to the same, may allow her "in its ·discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income," but this alimony may be adjusted at any time to meet the changing needs of the wife and the husband's ability to pay. Wright v. Wright, 189 La. 539, 179 So. 866; Slagle v. Slagle, 205 La. 694, 17 So. 2d 923.

We do not find the rule filed by the plaintiff in the record; nor do we find the answer thereto. However, it does appear from the evidence therein that at the time the judgment of divorce was obtained by the plaintiff on January 12, 1942 (in which decree his wife was awarded the alimony of $40 a month), he was earning $183 a month. According to his own testimony, he is now making $10 a month more, or $193. Otherwise, there has been no change in his financial status except that 20% of his salary, or $38.60 monthly, is being withheld, and he is paying $36.72 a month toward the liquidation of a loan made him to cover certain medical and dental bills.

On the other hand, it appears that the defendant is unable to work, having been under the doctor's care since an operation some three years ago, and that she is being prepared for another operation. In addition, the remainder of her teeth have to be extracted.

Under these circumstances we cannot say that the trial judge erred in refusing to reduce the amount of alimony awarded the defendant; particularly since the plaintiff neither stated the amount of his medical and dental bills nor showed how much the loan being liquidated by him amounts to.

For the reasons assigned, the judgment appealed from is affirmed, at appellant's cost.