**26 So.2d 220**

**COMSTOCK v. BOURGE.**

No. 37996.

April 22, 1946.

James G. Schillin, of New Orleans, for plaintiff and appellant.

Elias Bowsky, of New Orleans, for defendant and appellee.

KENNON, Justice.

On March 9, 1945, William V. Comstock obtained a judgment of divorce against the defendant under the two year separation statute. In the judgment the wife was awarded alimony at the rate of $13 per week. This was the same amount that the husband had been paying under order of the Juvenile Court. On April 12, 1945, on motion of the husband's attorney, there was signed a "corrected" judgment omitting "* * * Thirteen and no/100 ($13.00) Dollars per week" alimony, and replacing it with "* * * alimony as has been set by order of the Juvenile Court * * *."

On April 30, 1945, plaintiff by presenting proof of the divorce proceedings in the

Civil District Court secured dismissal of the alimony order in the Juvenile Court. He then discontinued paying the $13 per week alimony to his wife, who ruled him into the Civil District Court for contempt and prayed for further judgment re-fixing the alimony at the rate of $13 per week.

The district judge, after hearing, dismissed the rule for contempt and in his judgment ordered the plaintiff to pay "alimony at the rate of Thirteen and no/100 ($13.00) dollars per week plus an additional Three Dollars per week on delinquent alimony and to continue such payments until the delinquent alimony has been paid in full." The husband appealed and in this Court urges that the above quoted alimony judgment is void for the reason that it fails to specify with certainty the amount for which it was rendered, basing his contention upon the fact, apparently, that the total amount of delinquent alimony was not set forth in the judgment itself and, secondly, that the April 12th judgment, even if a valid one, came to an end on April 30th, when he secured dismissal of the Juvenile Court prosecution.

█ The record shows that on April 4, 1945, the husband's attorney in a rule seeking the corrected judgment stated: "That the *wording* of the judgment was erroneous, for the trial judge expressed the judgment in words to the effect that the alimony presently payable and ordered by the Juvenile Court for the Parish of Orleans, would not be interfered with nor increased." It is noted that the husband's rule is to correct the "wording" of the judgment. No hint is made that the "amount" was not correct. An examination of the Juvenile Court proceedings— introduced in the record by the husband —shows that $13.00 a week alimony had been "set by order of the Juvenile Court" on December 6, 1943. We conclude that the intent of the April 12th judgment was to leave the alimony $13 in amount as set by the March 9th judgment. The June 1st judgment was a "correction" of the so-called "corrected judgment" of April 12th and made clearly of record the $13 per week amount that had been actually due and payable under civil judgment since the March 9th judgment.

█ Any judgment setting up a weekly alimony is indefinite in amount to the extent that the amount past due at any time cannot be ascertained except through testimony as to what installments have been paid. Such judgment always remains "open" in that the court which rendered it may increase, diminish, or even set it aside, as changes in the circumstances of the parties may justify.

█ There is no showing in the record that the husband requested the district court to amend the judgment complained of by inserting the amount of the delinquent alimony which the record indicates was definitely fixed by the testimony and accepted by the court in announcing its judgment from the bench on the day of the

trial of the rule. The affirmance of the judgment by this Court will not take from him the right to move for such amendment or to request by proper proceedings such other changes in the judgment as the facts and circumstances of the case may require.

The judgment appealed from is affirmed with costs.

O'NIELL, C. J., absent.