**45 So.2d 89**

### GEHRKIN v. GEHRKIN.

#### No. 39100.

Feb. 13, 1950.

Cabral & Courtin, William M. Campbell, Jr., New Orleans, for plaintiff-appellant.

Lawrence W. Bergeron, New Orleans, for defendant-appellee.

Le BLANC, Justice.

This is a proceeding instituted by rule by a divorced wife against her former husband ordering him to show cause why a judgment for accumulated alimony for maintenance and support of their minor child should not be rendered against him and further, why he should not be fined or imprisoned, or both, for failure to pay alimony in accordance with the judgment.

It appears from the averments of the motion that judgment was rendered on October 17, 1941, awarding alimony in the sum of $5 per week for the maintenance and support of the minor child, Marjorie

Ann Gehrkin, and that the defendant was in arrears 104 weeks, or a total of $520.

No pleadings appear to have been filed by defendant in answer to the rule but on the return day thereof he appeared in court with his counsel and evidently put the rule at issue because testimony was taken in open court and argument had. The district judge took the matter under advisement and later rendered judgment condemning the defendant to pay alimony to the plaintiff "at the rate of seven and 00/100 ($7.00) per week in lieu of five dollars per week." The judgment makes no mention of the demand for accumulated alimony but there is a note signed by the district judge, which is in the record, in which he states that from the testimony of the plaintiff it appears that she did not care to collect back alimony. Further it is therein stated that the court will not go into the right of waiver "at this time." This, we take to mean, the right of this plaintiff to waive alimony on behalf of the minor child. The judgment having in effect, rejected the demand for back alimony in the sum of $520—this appeal was taken by the plaintiff.

In Snow v. Snow, 188 La. 660, 177 So. 793, 801, this court, after an exhaustive review of the jurisprudence on the subject, announced its conclusion that the district judge, in that case, "was right in maintaining that he had no authority to release the defendant from his debt 'for the past-due installments of alimony." This ruling was affirmed in Williams v. Williams, 211 La. 939, 31 So.2d 170.

■■ As pointed out in Snow v. Snow, whilst Article 232 of the Civil Code provides a method for the discharge from or reduction of alimony when the circumstances of the parties have changed, there is no indication or suggestion in the article "that a judgment for the payment of alimony in the future may be canceled as to alimony which has accumulated since the judgment was rendered, on the defendant's complaining, after failing to pay the alimony, that he was unable to pay it when it came due." As was further pointed out, although Act No. 189 of 1898, Dart's Revised Statutes, § 1733, provides that one who has failed to obey an order or judgment condemning the payment of money shall not be held in contempt of court, if the failure was due to inability to comply with the order or judgment, *he was not thereby relieved of the debt itself*. The purpose of the statute was to relieve him of the odium of being held in contempt of court for failure to pay, which it is stated, "is a very different thing from releasing him from the debt itself."

■ A manner in which the defendant may have become released from the debt here sought to be recognized against him would be by prescription as, under the provisions of Article 3538 of the Revised Civil Code, an action for arrearages of alimony is prescribed by three years. But there are two reasons why that article

does not apply in this case; first the action was brought within the three year period and, second, the demand to have the judgment for alimony accumulated is made on behalf of a minor and as to that kind of judgment, it was held in Wright v. Wright, 189 La. 539, 179 So. 866, that even the ten years prescription by which all judgments prescribe under Article 3547 of the Civil Code, does not apply.

It would seem therefore that we are left with only the question of waiver by the plaintiff as to her rights under the judgment, which question, apparently, was raised in the lower court as it is referred to in the note or memorandum signed by the district judge and is the only one that is discussed in brief of counsel for defendant before this court.

■ Assuming, for purpose of the argument, however, that the law allows a mother to waive an alimony decree by judgment of court in favor of her child, we are of the opinion that the proof in this case fails to establish any such waiver. We understand her testimony to mean that during the time she did not exact payments from her husband, it was because she could take care of her child with what assistance she was getting from the husband she was then married to, and she did not want to press the defendant who had other family obligations to take care of. For this forbearance on her part, it is now claimed that she waived and renounced all alimony

the minor's father should have paid during that time under the judgment rendered against him. This, we do not agree to. The law imposed no duty on her, as far as we know, to make periodic demands on the defendant in order to keep the judgment she held executory. When in time it became necessary for her to assert her rights under the judgment she did so by instituting this proceeding and nothing could stand as better proof that she never intended to waive any of her rights thereunder.

■ That part of the judgment which increased the rate of alimony from $5 to $7 per week cannot be disturbed as the defendant did not appeal, nor did he answer the appeal taken by plaintiff.

The judgment appealed from will have to be amended with respect to the demand for accumulated alimony, and accordingly, it is now ordered that the said judgment be amended by condemning the defendant in rule, John R. Gehrkin, to pay plaintiff in rule, Mrs. Margaret Stephens, his divorced wife and now the wife of Charles P. Elchinger, accumulated alimony in the sum of $520 for the maintenance and support of the minor, Marjorie Ann Gehrkin; and otherwise, that said judgment be affirmed.

All costs to be paid by the defendant, appellee.

MOISE, J., takes no part.