ELLIS, Judge.
Appellant has appealed from a judgment relieving the appellee from making further alimony payments to the appellant until further orders of the Family Court of East Baton Rouge, Parish, Louisiana, under the authority of Article 232 of the LSA-Civil Code which is as follows:
“When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted.”
In 1955 a judgment was rendered by the family court decreeing a divorce “a vinculo matrimonii” in favor of the appellee in the present appeal. In this suit the appellant was given the full care, custody and control of the minor children and awarded alimony in the sum of $150.00 per month. On July 10, 1957 the appellee filed a rule to have the alimony payments reduced to $100.00 per month and judgment was rendered making *258 the rule absolute, from which the present appellant appealed to the Supreme Court of Louisiana. This suit was entitled Laiche v. Laiche, 237 La. 298, 111 So.2d 120. On April 27, 1959 the Supreme Court reversed the Lower Court’s reduction of alimony and reinstated the previous amount of $150.00 per month. However, during the pendency of the appeal and rendition of the decree by the Supreme Court, the appellee herein had filed the present rule to eliminate all alimony payments, based upon Article 232 of the LSA-Civil Code, supra, on allegations of unemployment through no fault of his own and complete financial inability. This rule was filed on July 1, 1958 and judgment was rendered and signed by the Family Court in and for the Parish of East Baton Rouge, Louisiana, on the 14th day of July 1958, whereby the appellee “was relieved from making further alimony payments to Estelle B. Laiche, defendant herein, until the further orders of Court.” Appeal was taken to the Supreme Court and was later transferred to this Court under the jurisdictional changes.
We will take up the assignment of errors in the order listed by the appellant, No. 1 being:
“The Lower Court erred in having taken jurisdiction of this case on the 14th day of July 1958 at a time when this cause was lodged with the Supreme Court of this State to determine the validity of the Trial Court’s earlier ruling ordering a reduction of support payments to Appellant.”
In support of this contention counsel for appellant cites the following cases: Hotel Donaldson Co., Inc. v. Anderson Hotels of Louisiana, Inc., La.App., 75 So.2d 884; Gulf States Finance Corporation v. Colbert, 223 La. 743, 66 So.2d 793; Vaughn v. American Bank & Trust Co., 223 La. 479, 66 So.2d 4; Wainwright v. Wainwright, 221 La. 787, 60 So.2d 410; Felder v. Springfield Farmers’ Co-op. Ass’n, Inc., La.App., 29 So.2d 547.
A mere reading of the case cited will reveal that they are not apposite to nor controlling of the case under consideration. The Felder case was one for a monied judgment for produce allegedly delivered to the defendant as a factor or commission merchant. On appeal to this Court the defendant filed a motion to dismiss on the grounds that the transcript was not filed within the time prescribed by law in the order of court granting the appeal, that the order of the District Court extending the time for filing the transcript was of no legal force and effect and for that reason the application for the extention of time should have been made to the appeal court and not the District Court. In passing upon this the court very correctly stated that the District Court had no authority at that time to extend the return date and that it was well-settled that once the order of appeal was obtained and the perfection of that appeal by the furnishing of an appeal bond, the lower court lost the jurisdiction of the case, save to test the sufficiency of the bond.
The Wainwright case involved an appeal from the lower court of a judgment dismissing the suit for the annulment of a judgment which said judgment was then on appeal to the Supreme Court in a prior case. The Supreme Court held that the Lower Court was correct in sustaining the plea to the jurisdiction as it was without jurisdiction “to entertain the suit in the absence of an abandonment of the appeal”.
The Vaughn case was one for damages and a non-suit was rendered and signed on July 16, 1951 and on the following day motion was made in open court and the plaintiff was granted an order of devolutive appeal returnable to the First Circuit Court of Appeal, conditioned upon furnishing bond in the sum of $100.00 and on the same day, July 17, 1951, the plaintiff perfected the appeal bond in the amount stipulated in the order and it was filed on the following day, or July 18, 1951. On July 27, 1951, counsel for plaintiff secured an order, cancelling, *259 rescinding and setting aside the order of appeal to the Court of Appeal, and on the same day secured another order of devolu-tive appeal returnable to the Supreme Court of Louisiana. On the motion to dismiss the appeal taken to the Supreme Court it was held that perfecting of an appeal vests jurisdiction of a case in the appellate court, and the trial court is thereby divested of jurisdiction for all purposes except the solvency or sufficiency of the appeal bond, and could transmit the record to the appellate court.
In the Hotel Donaldson Company case the suit sought the annulment of the written lease and when it came up to the court of appeal a motion to dismiss was filed on the ground that the record as forwarded from the clerk of the District Court did not contain the transcript of testimony. This Court held that when an appeal has been perfected, the lower court is divested of jurisdiction except the right to test the sufficiency of the appeal bond on the date it was filed. The final result in this case was that this court ordered that the record be returned to the District Court for the completion of the transcript.
Of course, the cases hereinabove discussed were decided under the law as it existed as of that date and prior to the adoption of the Louisiana Code of Civil Procedure.
The cases cited are not applicable to a judgment awarding alimony. It is well-settled in our jurisprudence that an alimony judgment is never final but is always subject to review and change in the future installments in the Court which rendered it. Among the cases establishing this jurisprudence are those cited by the appellee of Wright v. Wright, 189 La. 539, 179 So. 866, Rabun v. Rabun, 232 La. 1004, 95 So.2d 635, 637, and Davis v. Davis, 238 La. 293, 115 So.2d 355.
For example in the Davis case the Supreme Court, through Chief Justice Fournet as the organ of the Court, held that judgments on issues of custody of children and alimony for their support are never final but subject to modification by the judge in summary proceedings.
The status of one who is under a judgment to pay a fixed sum as alimony may change the day after the judgment is rendered or during the pendency of an appeal taken by him from that judgment. He is given the right under Article 232 to set up the changed status, which is exactly what was done in this case. The overruling of the appellant’s plea to the jurisdiction of the judgment of the Family Court was correct.
Appellant’s second assignment of errors is as follows:
“The Lower Court erred in completely suspending the payments previously ordered by the Family Court, which payments were set for the support of Appellant and her minor children and which has been recognized as the legal obligation of Appellee.”
Counsel for appellant takes the position that the appellee’s financial condition is due to his contraction of a second marriage which can be termed a “subsequent obligation secondary to the alimony obligation,” which secondary obligation has interfered to the point of termination of appellee’s ability to support even the children of his previous marriage, who are admittedly in dire need of such maintenance and support.
The quoted portion of the contention of counsel for appellant comes from the Supreme Court decree in the case for reduction of a previous alimony award cited in 111 So.2d 120.
The record on the trial of the rule revealed that the appellee’s financial inability to pay any amount came about by virtue of his having lost his job with the Ethyl Corporation for whom he had been working almost eight years as a result of a general layoff of some four hundred and fifty employees. The layoff was permanent and *260 was beyond the control and without the fault of these employees. The record shows that appellee had diligently and with great determination sought any kind of work over a large area from Baton Rouge to New Orleans, Louisiana, that he had really left no stone unturned in order to secure employment so that he might fulfill his obligation. He was receiving $100.00 per month unemployment compensation, out of which he had fixed obligations in the way of notes on his home and the cost of his utilities, which he testified left him only $30.00 per month to live on. Appellee further testified that he had tried “as much as I can to see if I can get some welfare for them,” meaning his six children by his first marriage. On the other hand, the record shows that the appellant is making approximately $126.00 per month.
We do not find any obvious or manifest error in the judgment of the Judge of the Family Court in eliminating payment of alimony by the appellee under the facts, circumstances and conditions shown by the record.
Counsel for appellant’s third and last assignment of error is as follows:
“The Lower Court erred in finding that Anicet Laiche was in arrears for the sum of only ONE THOUSAND SEVEN HUNDRED AND NO/100 ($1,700.00) DOLLARS as back due support for his family, when in fact the arrearage should have been computed as of June 1959 and appellant should have had judgment fixed and made executory for the additional sum of ONE THOUSAND EIGHT HUNDRED AND NO/100 ($1800.00) DOLLARS.”
This contention of error is based upon the argument of counsel for appellant that the Court had no right to suspend the payment of alimony on July 14, 1958 and, therefore, it continued to run and that the amount in arrears should have been fixed at $1800.00 instead of $1700.00. In view of the fact that we have found that the Judge of the Family Court was correct on the record and evidence in eliminating the payment of alimony until the further orders of that Court as of July 14, 1958, the amount of alimony in arrears was correctly fixed at $1700.00 by the Judge of the Family Court.
For the above and foregoing reasons the judgment of the Family Court in and for the Parish-of East Baton Rouge, Louisiana, is hereby affirmed.
Affirmed.