FRUGÉ, Judge.
This is a suit by Eugene Vestal to reduce or discontinue alimony payments to his wife and to compel her to sign a corrected partition clarifying a previous partition of community property between them. The wife reconvened for an increase in the amount of alimony and for nullification of the partition agreement. Plaintiff had also sued for a divorce, which was granted, and is no longer an issue in this controversy.
Plaintiff and defendant were married on March 3, 1964. On November 10, 1967, defendant was granted a separation and given $100.00 per month alimony. On January 29, 1968, the parties entered into a partition agreement which, among other things, gave defendant $1,000.00 cash and plaintiff the sole interest to an Employee’s Savings Plan and Retirement Annuity Plan with Mobil Oil Company, plaintiff’s employer.
When plaintiff subsequently attempted to withdraw monies from the two funds on the basis of the partition agreement, Mobil refused to do so without a clarification from the defendant. This defendant refused to give and plaintiff instituted this suit with defendant’s resultant reconven-tional demand.
The trial court ordered defendant to sign the corrected partition and also reduced defendant’s alimony from $100.00 a month to $50.00 a month. Thereupon defendant appealed to this court. Plaintiff answered the appeal, seeking further to completely disallow alimony payments.
Plaintiff contended that defendant’s pleadings were not sufficient to allow the introduction of evidence of fraud to vary the terms of the written partition agreement. The trial court agreed, and after hearing the evidence refused to consider it. Defendant contends that the ruling was erroneous and should be reversed.
This court feels that it makes no difference to defendant’s cause whether the ruling complained of was erroneous or not. Even considering the excluded evidence, which defendant relies on, such evidence clearly fails to meet the standard of proof required to show fraud. It is basic that fraud is never presumed and must be proved convincingly by more than just a preponderance of the evidence. Allied Oil Workers Union v. Ethyl Corp., 208 F.Supp. 615 (1962); St. Mary v. St. Mary, 175 So. *636 2d 893 (La.App. 3d Cir., 1965); Teche Concrete, Inc. v. Moity, 168 So.2d 347 (La.App. 3d Cir., 1964).
[2] The testimony of the defendant-wife, in attempting to show fraud, referred to the Mobil funds on two occasions. On page 103 of the transcript the defendant was asked the following question by her attorney. “Did you ask anyone else besides me?” She replied, “I might have asked Mr. Vestal, I don’t know.” It is apparent that this vague, conjectural statement is not clear and convincing enough to prove fraud. At page 107 of the transcript defendant was asked the following question by her attorney. “Do you know how much money is in the Mobil Oil Fund now, approximately?” She answered, “I didn’t until I heard what you all said today”. At most this only proves that she was ignorant as to the exact amount in the funds and does nothing to show that she was intentionally misled.
Defendant also produced letters between the opposing attorneys to show that defendant was misled. These letters failed to show that they were anything more than ordinary negotiation steps between the opposing counsels.
Plaintiff’s contention that most of the Mobil funds had accumulated prior to the marriage and were not community property is substantiated by the record, but that question is pretermitted since defendant failed to prove fraud. Therefore the partition agreement is binding on the parties and defendant must sign the act of clarification.
The court also finds the reduction of alimony from $100.00 per month to $50.00 per month by the trial court was not an abuse of his discretion. Alimony awards are always subject to modification when changed conditions warrant it. Zara v. Zara, 204 So.2d 76 (La.App. 4th Cir., 1967); White v. Bendix, 206 La. 741, 20 So.2d 10 (1944). In the instant case the earning capacity of the wife had improved considerably. At the time of the original alimony award the defendant was physically incapacitated and could not work. Subsequently she recovered and took a nurses aide course with the Federal Anti-Poverty Program. Since completing the course she has worked for hospitals and private individuals and is capable of earning more than the $50.00 a month reduction imposed by the trial court.
As the defendant aptly points out, the husband’s ability to pay is also a factor in making alimony awards, and by virtue of Louisiana Civil Code, Article 160 plaintiff’s property must be considered in making this evaluation. Even so, plaintiff’s property, including the Mobil funds, is not so substantial as to materially affect the alimony payments.
For the foregoing reasons the judgment of the trial court is affirmed at defendant-appellant’s cost.
Affirmed.