253 So.2d 639 (1971)
Mildred CALDWELL, Plaintiff-Appellant,
v.
William Don GILBERT, Defendant-Appellee.
No. 3600.
Court of Appeal of Louisiana, Third Circuit.
October 22, 1971.
Hunt, Godwin, Painter & Roddy by Joseph W. Greenwald, Lake Charles, for plaintiff-appellant.
Baggett, Hawsey & McClain by L. E. Hawsey, Jr., Lake Charles, for defendant-appellee.
Before FRUGE, HOOD and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
The question presented by this appeal is whether a Louisiana District Court which renders an alimony award to a wife under *640 authority of Art. 160 of the Civil Code, retains exclusive jurisdiction to modify said award.
The undisputed chronology of events leading up to this appeal is as follows: Plaintiff-appellant Mildred Caldwell was married to defendant-appellee William Don Gilbert for some 34 years, and their last matrimonial domicile was in Calcasieu Parish, Louisiana. Difficulties arose between the two, resulting in Mrs. Gilbert moving to Orleans Parish, Louisiana to live. Mr. Gilbert continued to and still does reside in Calcasieu Parish. Utilizing the option offered her on venue under the provisions of Article 3941 of the Code of Civil Procedure, she later filed for divorce in the Civil District Court of Orleans Parish, Louisiana. Based on a finding that the parties had lived separate and apart continuously for a period in excess of two years, the Orleans Parish Court granted Mrs. Gilbert an absolute divorce from her husband on June 16, 1970 as authorized by LSA-R.S. 9:301. The judge of the Orleans District Court, finding Mrs. Gilbert to be free from fault, awarded her the sum of $38.00 per week alimony as authorized by Civil Code Article 160. No appeal was taken by either party.
Sometime subsequent to the Orleans Parish decree, Mrs. Gilbert returned to Calcasieu Parish to live. On February 11, 1971 she filed a "rule to show cause why alimony should not be increased" in the Fourteenth Judicial District Court, in and for Calcasieu Parish, Louisiana, against her former husband, wherein she referred to the aforementioned Orleans Parish decree, and prayed for an increase of her alimony award from $38.00 per week to $75.00 per week. She based her claim on her deteriorating financial position and Mr. Gilbert's enhanced economic status. To this action, defendant-appellee filed an Exception of Improper Venue, on the grounds that the Calcasieu Parish District Court had no authority to modify the Orleans Parish District Court decree. He also filed an Exception of Unauthorized Use of Summary proceedings.
Plaintiff then amended her original petition so that the title would read, "Petition for increase of Alimony Via Ordinaria" and by adding a prayer for the aforedescribed increase. Defendant then filed a similar exception of Improper Venue to the supplemental petition. On hearing, the district judge maintained the exception of Improper Venue, and dismissed plaintiff-appellant's suit at her costs. We affirm.
Under Article 42, Code of Civil Procedure, an individual defendant, as a general rule must be sued in the parish of his domicile. An exception to this general rule of venue is contained in Article 3941 which allows an action for an annulment of marriage, for a separation from bed and board, or for a divorce to be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile. Thus in the case before us, Mrs. Gilbert, when she filed her divorce suit, had a choice of forums,either Calcasieu Parish where her husband was domiciled and which was the parish of the last matrimonial domicile or Orleans Parish, which was the parish of her separate domicile. She chose the latter and this was her right.
Prior to divorce any claim to alimony which a wife may have is governed by LSA-C.C. 148 whereas after divorce, or when a divorce is granted her rights are controlled by LSA-C.C. 160. Under the latter article, she may receive an alimony award if she obtains a divorce and is not at fault, as was the case herein.
Although an award granted under the provisions of Article 160 is sometimes referred to as permanent, it shall be revoked if it becomes unnecessary, and terminates if the wife remarries. It therefore is not a final judgment in a strict sense, and our jurisprudence is well settled that such a judgment is always subject to review and change, always remains open, and *641 may be increased, diminished or set aside as changes in the circumstances of the parties may justify. Comstock v. Bourge, 210 La. 20, 26 So.2d 220; Wright v. Wright, 189 La. 539, 179 So. 866; Laiche v. Laiche, La.App., 138 So.2d 257; Duncan v. Roane, La.App., 127 So.2d 191.
At the time Mrs. Gilbert filed her divorce action, in view of the domiciliary status of the parties and of their marriage as pointed out hereinbefore, either Orleans or Calcasieu Parish had jurisdiction over the subject matter, hence the District Courts of both parishes had concurrent jurisdiction at that time. As a general rule, the court which first obtains jurisdiction of the res retains it until the end of the controversy, to the exclusion of all others. State ex rel. Marston v. Marston, 223 La. 1046, 67 So.2d 587, and cases cited therein. An example of where this general rule would apply would be a situation where a wife would file for a separation or divorce in one parish and the husband would file a similar action in another parish. In such a situation the court first obtaining it would have exclusive jurisdiction until the end of the controversy. We do not believe, however, that the factual situation herein allows an application of this first come, first served doctrine. Obviously, although concurrent jurisdictions were available to the parties, only one jurisdiction was utilized, i. e. the civil district court of Orleans Parish.
It is not questioned that the civil district court of Orleans Parish retains the right to modify the alimony award in this case. The question is, does that court retain exclusive jurisdiction in that regard? We think that it does.
The question of exclusiveness of jurisdiction presented herein, is res nova in Louisiana. Numerous cases reported indicate however, that a party seeking modification of an alimony award must do so in the trial court which rendered it. In Sampognaro v. Sampognaro, 222 La. 597, 63 So.2d 11, the Supreme Court stated:
"The jurisprudence is that where once there has been an award of alimony it remains in full force and effect until the aggrieved party applies to the court and is granted a modification thereof. Cotton v. Wright, 193 La. 520, 536, 190 So. 665; Snow v. Snow, 188 La. 660, 177 So. 793; Hillman v. Gallant, 148 La. 82, 86 So. 661. LAS-C.C. Art. 160, as amended."
(Emphasis added.)
And in Brown v. Harris, 225 La. 320, 72 So.2d 746, the Supreme Court also said:
"* * * If in the future she does not have sufficient means for her maintenance, she may at that time apply to the court for alimony, * * *. Slagle v. Slagle [205 La. 694, 17 So.2d 923]; White v. Bendix, 206 La. 741, 20 So.2d 10; Russo v. Russo, 208 La. 17, 22 So.2d 671; Comstock v. Bourge, 210 La. 20, 26 So.2d 220; Smith v. Smith [217 La. 646, 47 So.2d 32]."
(Emphasis added.)
In Duncan v. Roane, 127 So.2d 191, Judge Hood, as the organ of this court said:
"A judgment ordering the payment of future alimony is not a final judgment, but is always subject to review and change as to future installments in the court which rendered it. Wright v. Wright, 1938, 189 La. 539, 179 So. 866; Miller v. Miller [1944, 207 La. 43, 20 So.2d 419]; Colby v. Colby, 1942, 200 La. 321, 7 So.2d 924."
(Emphasis added.)
In Laiche v. Laiche, La.App., 138 So.2d 257, it was held:
"* * * It is well-settled in our jurisprudence that an alimony judgment is *642 never final but is always subject to review and change in the future installments in the court which rendered it. * * * Wright v. Wright, [supra] Rabun v. Rabun, 232 La. 1004, 95 So.2d 635, 637, and Davis v. Davis, 238 La. 293, 115 So.2d 355".
(Emphasis added.)
The Supreme Court also said in Cornstock v. Bourge, 210 La. 20, 26 So.2d 220, 221:
"* * * Such judgment always remains `open' in that the court which rendered it may increase, diminish, or even set it aside, as changes in the circumstances of the parties may justify." (Emphasis added.)
In Wright v. Wright, 189 La. 539, 540, 179 So. 866, 867, the Supreme Court said:
"A judgment for alimony is not a final judgment, but is always subject to review and change as to future installments in the court which rendered it. * * *" (Emphasis added.)
We are of the opinion that once a court's jurisdiction has attached, it continues exclusively for the purpose of modifying its own alimony judgment. If this were not so, the ensuing results would unnecessarily complicate orderly legal procedure. Assuming arguendo that the Calcasieu District Court would have jurisdiction to modify Mrs. Gilbert's alimony award granted in Orleans Parish, what would prevent Mr. Gilbert from going back to the Orleans court to seek a reduction? Assuming further that Mr. Gilbert could successfully have the award reduced in Calcasieu Parish, what would prevent the Orleans court from holding him in contempt for failing to pay to his wife the original amount ordered by it? Obviously if both courts were to have concurrent jurisdiction to modify the Orleans decree, there could certainly result a collision of judgments. It is quite possible for different courts to award different amounts of alimony under a given set of facts.
The Orleans court in originally making the award, heard testimony concerning Mr. Gilbert's finances and Mrs. Gilbert's needs for her maintenance. Inasmuch as a modification of an alimony award is based on changing circumstances, it would seem that the Orleans court, which possesses the evidence on the financial status of the parties at the time of the original award is the proper court to determine whether a modification thereof is in order.
The Louisiana Supreme Court, in the case of State ex rel. Marston v. Marston, supra, used language which we deem appropriate to this case. Although the language had reference to the exception of lis pendens and its sagacious recognition by our law, we nevertheless believe that it is likewise applicable to the case at bar. In that instance, the court said:
"* * * Suits might be indefinitely multiplied, and the citizen would be exposed to the expense and annoyance of several attacks, at the same time, for the same matter. The simplicity and uniformity which should reign in the administration of justice, might be superseded by the confusion and contradiction of different proceedings and judgments upon the same subject."
We conclude that the court that has jurisdiction to determine the extent to which a judgment shall be executed, or to modify it insofar as it is only executory and not irrevocable, when the judgment has otherwise become final, is the court that rendered that judgment. Accordingly in this case, the Civil District Court of Orleans Parish retains exclusive jurisdiction to modify the alimony award in question.
*643 Appellant cites the case of Lucas v. Lucas, 195 So.2d 771 as being decisive of the issue presented herein. While on the surface it may appear that our present ruling is in contravention of the results which we reached in Lucas, we believe our opinion therein to be inapposite. The Lucas case pertained to a change of child custody. Therein, the mother received custody from the First Judicial District Court in and for Caddo Parish, Louisiana and thereafter moved the children to Mexico. Several years later the father took the children from Mexico and brought them to Rapides Parish, Louisiana. He then filed a suit in the Ninth Judicial District Court in and for Rapides Parish seeking a judgment awarding the custody of the children to him. This court in Lucas concluded that the Caddo Parish Court which rendered the original custody decree did not retain forever the exclusive jurisdiction and venue to modify that decree. We accordingly held that the district court of Rapides Parish had jurisdiction over the status of the children involved and that it was a court of proper venue for that purpose. We distinguish Lucas basically under the "best interest of the child" doctrine, recognized under our law and jurisprudence. As a general rule, the court where the child is domiciled or is physically present is best qualified to determine, and most concerned with, the best interest of the child. This is basically the rationale of the "parens patriae" theory of LSA-CCP Art. 10(5), which gives our courts jurisdiction of custody of a minor who "is domiciled in, or is in, this state". In the present alimony modification case, we are not governed by the "best interest" rule and consequently feel that Lucas is distinguishable for that reason and is not applicable herein.
For the above and foregoing reasons the judgment of the Fourteenth Judicial District Court in and for Calcasieu Parish, Louisiana sustaining the exception of improper venue and dismissing plaintiff-appellant's suit is affirmed at appellant's costs.
Affirmed.