272 So.2d 469 (1972)
Sharon WHITE, Plaintiff-Respondent,
v.
Frank WHITE, Defendant-Relator.
No. 4134.
Court of Appeal of Louisiana, Third Circuit.
December 26, 1972.
*470 Holt, Wagner & Lee by Richard E. Lee, Pineville, for defendant-relator.
Brittain, Carver & Williams by John G. Williams, Natchitoches, for plaintiff-respondent.
Before FRUGE, MILLER and DOMENGEAUX, JJ.
MILLER, Judge.
The trial court overruled defendant Frank M. White's declinatory exception to venue. We granted defendant's application for writs on finding that the interlocutory judgment may cause irreparable injury. LSA-C.C.P. Art. 2083. The February 1, 1972 award of alimony in the Ninth Judicial District Court is not subject to review by the Tenth Judicial District Court.
The parties were judicially divorced in the Ninth Judicial District on February 1, 1972. Sharon White was granted custody of their five children, and husband was ordered to pay child support of $250 per month. There was no appeal from that judgment.
Plaintiff resides with her children in Natchitoches Parish. On October 24, 1972 she filed a rule in the Tenth Judicial District Court seeking to increase the child support to $400 per month.
Defendant's exception to venue was overruled on November 14, 1972 for "... the reasons given in the case of Lucas v. Lucas, 195 So.2d 771 ..." (La.App. 3 Cir. 1967), Tr. 21.

ISSUES
1) Has relator established irreparable injury? We find that he has.
2) Was the exception properly overruled? We find that it was not.
Husband established that the trial court judgment may cause irreparable injury. If the trial court were to increase the award for child support, husband could not suspend execution of the judgment by appeal. LSA-C.C.P. Art. 3943. The possibility that husband might be required to pay increased alimony payments by a court without jurisdiction "... may cause irreparable injury" as that term is used in LSA-C.C.P. Art. 2083.
Once a trial court's jurisdiction has attached, it continues exclusively for the purpose of modifying its own alimony judgment. Caldwell v. Gilbert, 253 So.2d 639 at 642 (La.App. 3 Cir. 1971). See also *471 cases cited in Caldwell at 253 So.2d 641 and 642.
We distinguished Lucas v. Lucas, 195 So.2d 771 (La.App. 3 Cir. 1967) in the Caldwell case, 253 So.2d 639 at 643.
The exception of improper venue filed by relator Frank M. White is sustained. All costs of these proceedings in the trial court and on appeal are taxed to plaintiff respondent.
Reversed and rendered.
DOMENGEAUX, Judge (dissenting).
I agree that the Caldwell case applies to this fact situation, but still adhere to the proposition that a writ should not have been granted in the first place, in that there was no showing of irreparable injury and there was an adequate remedy by appeal in the event of an adverse judgment. For the latter reasons, I respectfully dissent.