292 So.2d 307 (1974)
Susan Kirby KEES
v.
Maxwell Gantt KEES, Sr.
No. 9672.
Court of Appeal of Louisiana, First Circuit.
February 11, 1974.
James J. Gleason, III, New Orleans, for appellant.
*308 Maurice J. Wilson, Jr., Baton Rouge, for appellee.
Before LOTTINGER, BLANCHE and CRAIN, JJ.
LOTTINGER, Judge.
This action was instituted by plaintiff-appellant, Susan Kirby Kees, to obtain an increase in child support. The Lower Court dismissed the rule of plaintiff, and plaintiff filed this appeal.
The parties were divorced on December 12, 1969, and appellant was granted custody of the minor child, Maxwell Gantt Kees, Jr. Appellant was awarded $50.00 a month for her support and $50.00 a month for child support. Prior to April 15, 1971, both parties remarried. On April 15, 1971, the appellant was awarded the same total amount, that is $100.00, for child support alone. On April 16, 1973 appellant filed a rule to increase child support which the Lower Court dismissed and which matter is before us now.
It is well settled that a judgment awarding alimony is subject to change at any time when the circumstances of the parties justify the change or modification. Anderson v. Anderson, 158 So.2d 303 (La. App. 1st Cir. 1963); Rabun v. Rabun, 232 La. 1004, 95 So.2d 635; Brown v. Harris, 225 La. 320, 72 So.2d 746; Smith v. Smith, 217 La. 646, 47 So.2d 32; Comstock v. Bourge, 210 La. 20, 26 So.2d 220. However, it is elementary that the person who seeks to change or modify the support award has the burden of proof to show that there has been a change in the needs of the person requiring it as compared to the circumstances of the person obligated to pay, before the original award may be changed or modified. The Lower Court felt that there had not been a sufficient change in circumstances of the parties involved to warrant any increase in child support.
The one item of expense over which there was the most controversy, and which We find worthy of special attention, is that for special, non-public school education for the child.
Plaintiff testified as follows:
"A. Yearly school tuitionthis year it's Seven Hundred and Fiftyevery year it's Fifty Dollars more.
Q. Now, where does your child go to school?
A. St. George's Episcopal Day School.
Q. Now, is there any reason that he must go to a private school?
A. Yes.
Q. And what are those reasons?
A. He has a right hand coordination problem and auditory discrimination problem and his lining visibility.
Q. Now, can you get special education for him in the New Orleans public schools?
A. No."
Plaintiff further testified that the annual private school tuition is $750.00 and increases $50.00 with each grade. This averages out in round figures to $65.00 per month on a twelve month basis.
Child support was set at $100.00 per month when the child was five years old and of preschool age. At the time of the trial of this matter he was seven years old and attending school. It is hoped that if he is given special schooling, he will be able to overcome his disabilities. Additionally, plaintiff testified that her second husband was paying most of the expenses of the child when the $100.00 per month child support was set on April 15, 1971 and subsequent thereto up until their separation a short time prior to plaintiff filing this rule.
The above facts point out to us two material changes of circumstances which justify an increase in the amount of child support. First, the child was of preschool age when the last child support was awarded *309 and nowhere in the record is it shown that his needs for special education was evident or provided for at that time. He now attends school, and requires special training. Secondly, plaintiff was remarried to a man of sufficient means to pay most of her child's expenses at the time the past child support was awarded, which means of support is no longer available due to her separation from him.
The trial judge began his reasons for judgment saying, "Of course, this is another one of those unfortunate situations where there is just not enough money to go around. Whatever the court does can't really do adequate justice to one or the other of the parties."
The latest expression of the Supreme Court of Louisiana which we find on this subject is in Marcus v. Burnett, 282 So.2d 122 (1973).
"Moreover, this court has previously recognized that the income of a second wife is to be considered in determining the husband's obligation to support children of his first marriage. Fazzio v. Krieger, 226 La. 511, 76 So.2d 713 (1954). It would be unfair to allow consideration of additional income made possible by a second marriage while disallowing consideration of the expenses of that marriage.
"In accordance with the language of La.C.C. Art. 231, in the instant case, we find the totality of the pertinent circumstances of the father (and as will be noted hereinafter, the mother as well) is to be considered in ascertaining the appropriate amount of child support. Save in exceptional circumstances this should include a consideration of the fact that the father has remarried, and that incident to this second marriage there are expenses which he must bear."
It was brought out in the trial in the Lower Court that the plaintiff's monthly net take home pay was $348.22. Defendant's monthly net take home pay was at least $676.00 for eleven months of the year plus $250.00 he receives once each year. These figures averaged over twelve months result in $640.50 per month. In addition, defendant's second wife's monthly net take home pay was $185.00. Therefore, plaintiff's present monthly intake is $348.22 plus $100.00 in child support for a result of $448.22. Defendant's present monthly intake is $640.50 plus $185.00 income of his second wife less $100.00 in child support for a result of $725.50.
We are of the opinion that the Lower Court was manifestly erroneous in failing to find a sufficient change in the circumstances of the parties to justify an increase in child support. First, the need for special education was not evident when child support was last fixed, and secondly, plaintiff has lost the financial support that her second husband contributed towards the child's expenses. Furthermore, contrary to the belief of the Trial Judge, we feel that there is enough money for defendant to pay more toward the support of his child. At present, the money available to defendant and his second wife in the amount of $725.50 exceeds the money available to plaintiff and the minor child in the amount of $448.22 by $277.28. We can not see any reason for such a difference in the expenses of the two households.
Plaintiff has met the burden of proof of showing a legitimate change in the needs of the child and the ability of defendant to pay. We believe that these circumstances justify child support in the amount of $165.00 per month.
For the reasons assigned the judgment of the Lower Court is reversed, and Maxwell Gantt Kees, Sr. is ordered to pay Susan Kirby Kees child support in the total sum of $165.00 per month for the minor child, Maxwell Gantt Kees, Jr. and all costs of court and of this appeal.
Reversed and rendered.