BENNETT, Judge.
This is an appeal from a judgment fixing and making executory past due and unpaid child support.
Sidney Hughes obtained a divorce from Mary Tigner Hughes on November 10, 1960. The decree also awarded custody of the four minor children of the marriage to Mrs. Hughes and set child support in the amount of Fifteen Dollars ($15.00) per week.
On October 30, 1974 a rule to show cause was filed seeking a judgment for unpaid child support for three years prior to the date of filing of the rule and for $15.-00 per week from the date of the filing of the rule to the date of determination. The defendant-in-rule filed a responsive pleading asserting various defenses.
The rule was called for trial on December 13, 1974. No attempt was made to adduce evidence and the case was submitted on memoranda.
On June 27, 1975, judgment was rendered in favor, of plaintiff-in-rule in the amount of $2,916.00, which amount consisted of $2,340.00 for the three year period prior to the date of filing of the rule and $576.00 for the period from October 30, 1974 to June 27, 1975.
The defendant-in-rule appeals from that judgment asserting four errors committed by the trial court.
I. The Court erred in overruling the pleas of prescription laches.
This contention is based on the fact that the 1960 judgment awarding child support had not been revived and more than ten (10) years had elapsed between the rendition of that judgment and the time the rule was filed seeking to determine the amount of back alimony due and owing.
In Arabie v. Arabie, 230 La. 1036, 89 So.2d 890 (1956), the Supreme Court re-j ected an identical contention stating:
“Appellant also says that the doctrine of waiver, laches, and estoppel is applicable in this case because for more than 10 years from the date of the rendition of the alimony judgment no action was taken by his former wife to obtain its enforcement and no payments were made by him. Counsel cite no law in support of this contention. Moreover, in the case of Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226, this court held that the right to receive back alimony in a lump sum is not waived by the divorced wife’s failure to make periodic demands on her former husband. See also Gehrkin v. Gehrkin, 216 La. 950, 45 So.2d 89. Fur *777 thermore, we see no reason why these doctrines should apply simply because appellant has failed to make the alimony payments.
“Article 3544 of the Civil Code provides that in general all personal actions except those before enumerated are prescribed by 10 years, and in Article 3547 it is stated that all judgments for money, whether rendered within or without the state, shall be prescribed by the lapse of 10 years from the rendition of such judgment. Appellant argues that these articles are applicable here, and that since more than 10 years have elapsed since the judgment of divorce in which appellee was awarded custody of the minor child and alimony for the maintenance and support of the child, these articles are applicable, and appellee accordingly cannot recover in these proceedings.
“In Wright v. Wright, 189 La. 539, 179 So. 866, this court after citing Article 227 of the Civil Code said that fathers and mothers have the obligation of supporting, maintaining, and educating their children, that the legal duty imposed upon a father to support his children continues during minority and is not affected by divorce or separation, that a judgment for alimony is not a final judgment but is one always subject to review and to change and modification, whereas a money judgment is a vested right and not subject to change. In others words, a judgment to pay alimony is not a money judgment founded on debt but is one enforcing a continuing legal obligation of the father to support his minor child. See Fazzio v. Krieger, 226 La. 511, 76 So.2d 713.
“In the Wright case, supra, the court held that Article 3547, which provides that all judgments for money shall prescribe by the lapse of 10 years, was not applicable to a judgment for alimony rendered in behalf of minor children against their father, and that a plea of prescription under this article was properly overruled by the trial judge. See also Gehrkin v. Gehrkin, supra.
“In discussing the prescriptive period applicable to actions for arrearages of alimony, this court said in Miller v. Miller, 207 La. 43, 20 So.2d 419, 421:
“ ‘Since Article 3538 of the Revised Civil Code specifically provides that actions for arrearages of alimony are prescribed in three years, and Articles 3544 and 3547 (as amended) of the Revised Civil Code are so general in their nature, we are compelled to arrive at the conclusion that the provisions of Article 3538 govern.
“ ‘Under the accepted rule of construction, Article 3538 being a special law insofar as it applies to alimony, it must be given precedence over the general provisions heretofore mentioned.’ ”
These exceptions are without merit. The ruling of the trial court is correct.
II. The Court erred in issuing the judgment herein without a contradictory hearing.
A perusal'of the record indicates the following pertinent information:
On October 30, 1974 the rule seeking back child support was filed. The defendant in rule was ordered to show cause on December 13, 1974 why a judgment should not be rendered. Domiciliary service was effected on November 4, 1974.
On December 13, 1974 the defendant filed a responsive pleading and agreed to submit the matter on memoranda. The defendant did not seek a continuance nor was any effort made to produce evidence supporting the defenses contained in the pleading filed by him.
Under the circumstances the defendant cannot now complain of being denied his day in court. He had such a day. Failure to utilize it to its fullest can only be attrib *778 uted to the defendant. There is no merit to this contention.
III. The court erred in awarding an amount in excess of $2340.00.
This contention complains of the award of child support for the period from the date of filing of the rule to the date of rendition of judgment. We find no error in making an award for that period. The rule filed herein contained a prayer for an award for the period. The defendant produced no evidence that he had paid the child support due during the period. A court may properly include unpaid child support occurring during pendency of an action to determine and make child support executory. See Arable v. Arable, Supra.
IV. The Court erred in calculation of the amount of alimony awarded for the period during which the rule was pending.
This contention attempts to take advantage of a discrepancy in the language of the judgment. In awarding child support for the period during which the rule was pending, the judgment states:
“At the rate of $15.00 per week for twenty-four (24) weeks being from October 30, 1974 (the date of filing of this rule) to June 27, 1975, totaling .$576.00.”
The appellant argues that the judgment grants an award for 24 weeks at $15.00 per week, a total of $360.00, and that the award of $576.00 is an error in computation.
In our opinion, the judgment is ambiguous. In the construction of an ambiguous judgment, resort may be had to the entire record to aid in arriving at its meaning. Rodrigue v. Ziifle, 288 So.2d 630 (La.1974). See also, Weisgerber v. Weisgerber, 270 So.2d 313 (La.App. 1st Cir. 1972).
Our review of the record convinces us that the trial court intended to make an award for the period from October 30, 1974 to June 27, 1975, a period of 34 weeks. The petition asked for an award for the period during which the cause was pending. The period of pendency was actually 34 weeks. No claim has been made that the defendant in rule is entitled to credit during the pertinent period because of payment or other reason.
We find that the plaintiff in rule is entitled to an award for 34 weeks at $15.00 per week or a total of $510.00. The amount awarded, $576.00, is excessive. Therefore, the judgment rendered below is amended and ordered reduced by the amount of $66.00 leaving a total of $2,850.-00.
Costs are taxed to Appellant.
AMENDED and AFFIRMED.