364 So.2d 188 (1978)
Richard Kent CASHIO
v.
Becky Marchand CASHIO.
No. 12214
Court of Appeal of Louisiana, First Circuit.
October 9, 1978.
*189 Andrew Jack Bennett, Jr., Baton Rouge, of counsel for plaintiff Richard Kent Cashio.
Teddy W. Airhart, Jr., Baton Rouge, of counsel for defendant Becky Marchand Cashio.
Before LANDRY, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
The issue before us relates to the applicability of C.C.P. art. 123 (forum non conveniens) in a summary proceeding to modify a custody decree.
The facts which are not in dispute are: Richard Kent Cashio (Respondent) and Becky Marchand Cashio (Relatrix) last resided together in Ascension Parish. The community of acquets and gains and the marriage between these parties were dissolved by judgments rendered in the 23rd Judicial District Court for Ascension Parish. In each instance Relatrix was awarded the custody of their minor child, Richard Kent Cashio, Jr. The record reflects that throughout these proceedings there were numerous rules, viz: to fix visitation, increase or decrease alimony or child support, contempt, etc., all of which were before the Ascension Parish court.
The instant rule for change of custody was filed by Respondent in the 23rd Judicial District Court on July 22, 1977, and was made returnable in that court on September 19, 1977. Relatrix was also ordered to appear at a designated location on August 22, 1977, for deposition purposes. The record does not reflect why the matter was not heard on the return date of September 19, 1977.
On December 12, 1977, Respondent filed a rule to transfer this matter to the Family Court for the Parish of East Baton Rouge, which rule was made returnable on January 3, 1978. Respondent's motion averred that both parties and the minor child were then residing in East Baton Rouge Parish as were a majority of the anticipated witnesses. At a hearing on this return date, Relatrix, who was served through her then attorney of record, made no appearance and the record before us is devoid of any explanation for her absence. After hearing Respondent's evidence, the judge of the 23rd Judicial District Court ordered the cause transferred to the Family Court in East Baton Rouge Parish.
On March 29, 1978, when Respondent endeavored to proceed further, Relatrix filed a declinatory exception of improper venue and, alternatively, a motion to transfer the matter back to the Ascension Parish Court on the respective grounds that the latter court was without authority to transfer the matter in the first instance and that she and the minor now resided and were domiciled in Ascension Parish. The judge of the Family Court overruled the exception and denied the motion to re-transfer. The judge a quo, however, stayed further proceedings pending Relatrix's application for writs, which we granted.
At the hearing in the Family Court it was established that Relatrix was residing in Baton Rouge in January of 1978 but had returned to Ascension Parish sometime during the first week of February, 1978. She and her present husband were then awaiting the completion of their new home. There is not the slightest contention that her return to Ascension Parish was motivated by this litigation.
Respondent contends (1) that it was proper for the Ascension Parish District Court to order the matter transferred to the East Baton Rouge Parish Court and (2) that Relatrix having failed to appeal or seek writs from that order, the issue of the transfer is now final. We shall dispose of the latter contention first and, for the limited purpose of doing so, we assume, arguendo, that C.C.P. art. 123 permits such an order.
*190 C.C.P. art. 1841 defines an interlocutory judgment as one "that does not determine the merits but only preliminary matters in the course of the action . . .." It is clear that the order of transfer falls within this definition and is an interlocutory judgment from which no appeal lies as irreparable injury is not presumed. An aggrieved party's recourse for review of such an order is a supervisory writ. C.C.P. art. 123, 2083, Communication C. Net., Inc. v. Burger Chef of Louisiana, Inc., 291 So.2d 849 (La.App. 4th Cir. 1974).
The timeliness of an application for supervisory writs to have a transfer order reviewed is another matter. The transfer of any cause under the principal of forum non conveniens is a matter that addresses itself to the sound discretion of the trial judge. The theories of "res judicata" and "law of the case" are not applicable. Wall v. American Employers Insurance Co., 250 So.2d 172 (La.App. 1st Cir. 1971). Our Civil Code does not prescribe a time limit within which an aggrieved party must seek writs of review from such an order. Whether a writ is granted in a given situation is a matter that addresses itself to the reviewing court under its supervisory jurisdiction. Respondent's contention as to the finality of the transfer order is rejected.
We now turn to the principal issue of whether C.C.P. art. 123 is applicable in a summary proceeding to modify a custody decree. For reasons hereinafter stated, we hold that it is not.
The article provides:
"Art. 123. Forum non conveniens
For the convenience of the parties and the witnesses, in the interest of justice, a district court upon contradictory motion, or upon the court's own motion after contradictory hearing, may transfer a civil case to another district court where it might have been brought, provided, however, that no suit brought in the parish of which the plaintiff is domiciled, and which court is otherwise a court of competent jurisdiction and proper venue, shall be transferred to any other court pursuant to this article." (Emphasis ours)
The official Comment on the article states that it was added to the Code (Act 294 of 1970) on the recommendation of the Louisiana Law Institute to legislatively overrule this court's holding in Trahan v. Phoenix Ins. Co., 200 So.2d 118 (1967), cert. den. 251 La. 47, 202 So.2d 657 (1967).
In Trahan, we noted that the common law doctrine of forum non conveniens was foreign to our jurisprudence and that its application must yield to our statutory rules on venue. We reversed the trial court's conclusion that C.C.P. Art. 122 impliedly recognized the doctrine. Our Supreme Court found "no error of law . . ." in our decision.
We do not believe that C.C.P. art. 123 was intended to apply to a proceeding seeking to modify the custody decree. The article expressly recognizes that it permits transfer of cases only in those instances where the original action could also have been brought in the parish court to which the matter is sought to be transferred. In the instant cause the Ascension Parish District Court and the East Baton Rouge Parish Family Court would have to be courts possessed of common venue. We find that they are not.
The issues of jurisdiction and venue are areas in family litigation that have proved to be most troublesome for our trial and appellate courts. However, our courts, with few exceptions, have consistently rejected any theory of common venue as between the district courts of this state. To the contrary, the basic rule which has been rather uniformly adhered to is that once a district court of this state has rendered a judgment awarding custody and/or child support to a particular parent, that court retains exclusive jurisdiction to modify its own decree. Pullen v. Pullen, 161 La. 721, 109 So. 400 (1926).[1]
*191 The problem of venue, vis a vis, modification of a custody decree, is best illustrated in Lucas v. Lucas, 195 So.2d 771 (La.App. 3d Cir. 1966), writ refused 250 La. 539, 197 So.2d 81 (1967). In that case, Mr. and Mrs. Lucas were divorced in Caddo Parish and Mrs. Lucas was awarded the custody of their two minor children. She and the children then moved to Mexico. Later, Mr. Lucas, in the Caddo court, sought a modification of the custody award. The Caddo court sustained an exception to the jurisdiction of that court on the grounds that the mother and the children were domiciliaries of Mexico. Under the authority of Nowlin v. McGee, 180 So.2d 72 (La.App. 2d Cir. 1965), the Supreme Court denied certiorari, 248 La. 527, 180 So.2d 541 (1965). The father then went to Mexico and removed the children without the mother's knowledge or consent to Rapides Parish where he filed a suit for their custody. The trial court in Rapides Parish sustained the mother's exception to jurisdiction holding that if any court of this state had jurisdiction it was that of Caddo Parish. On its initial hearing, a three judge panel of the Court of Appeal, Third Circuit, with one dissent, affirmed. However, on rehearing an en banc court reversed with two dissents. In denying writs, our Supreme Court only concluded that "the result reached by the Court of Appeal is correct." There were two dissents from that view. We have particularized the above only to point out the extent of the disagreement that surrounds the issue of venue in matters relating to the modification of a custody decree.
In Lucas, on rehearing, the majority did state: 195 So.2d 771, 778
"However, a majority of this court is now of the opinion that the Caddo Parish court, which rendered the original custody decree in the divorce proceedings, did not retain forever the exclusive jurisdiction and venue to modify that decree. This question is res nova in Louisiana." (Emphasis ours.)
On at least three occasions, however, since it rendered Lucas, the Third Circuit has seen fit to limit its holding and to restrict its application. Caldwell v. Gilbert, 253 So.2d 639 (La.App. 3d Cir. 1971); White v. White, 272 So.2d 469 (La.App. 3d Cir. 1972); and Hopkins v. Hopkins, 300 So.2d 661 (La. App. 3d Cir. 1974).
In Hopkins, the court stated: 300 So.2d 661, 662
"In view of the difficulty which the Lucas case seems to have caused, we want to make it clear that the decision in that case is limited to the narrow and peculiar facts involved. It is not authority for multiple venue in various facets of matrimonial litigation and should not be so construed.
"We have no hesitancy in reaffirming the following rule: once the venue of the trial court has attached, it continues exclusively for the purpose of modifying the alimony or child support judgment. Caldwell v. Gilbert, 253 So.2d 639 (La. App. 3 Cir. 1971); White v. White, 272 So.2d 469, (La.App. 3 Cir. 1972).
"Likewise, the same rule applies to orders concerning custody and visitation. Only under exceptional circumstances as in Lucas should a district court other than the court of original jurisdiction undertake to change a custody order or its incidents."
Lastly, we must state that, assuming the applicability of C.C.P. art. 123, the Judge of The Family Court should have transferred this cause back to Ascension Parish on Relatrix's alternative motion. If one of the grounds in the initial transfer was that Relatrix and the child were then residing in East Baton Rouge Parish, those same grounds existed when she asked that the matter be returned to the court of her domicile. A material delay would not have resulted. For whatever reason there was, time did not appear to be of the essence as it usually is in such cases. Some five months had lapsed between the first filing *192 of the rule for modification of custody and Respondent's motion Respondent's motion to transfer. The latter motion was not filed until some three months after the original return date was permitted to pass.
Accordingly, for the above reasons, the judgment of The Family Court for the Parish of East Baton Rouge overruling Relatrix's declinatory exception of venue and alternative motion to transfer this matter to the 23rd Judicial District Court for the Parish of Ascension is reversed, recalled, and set aside and judgment is rendered herein sustaining Relatrix's exception of venue and ordering this cause transferred from The Family Court for the Parish of East Baton Rouge to the 23rd Judicial District Court for the Parish of Ascension. All costs incidental to this writ are assessed against Respondent. All other costs are to await a final determination on the rule to change custody.
WRIT MADE PEREMPTORY, REVERSED AND RENDERED.
NOTES
[1] The same rule has been acknowledged in Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953); Wheeler v. Wheeler, 184 La. 689, 167 So. 191 (1936); Lukianoff v. Lukianoff, 166 La. 219, 116 So. 890 (1928); Graves v. Graves, 122 So.2d 350 (La.App. 2d Cir. 1960); Blackburn v. Blackburn, 168 So.2d 898 (La.App. 2d Cir. 1964). However, in considering these authorities the question of venue as opposed to that of jurisdiction must be kept in mind.